## BROWN v. BROWN.

1. Upon issue joined on the plea of *non detinet*, it is not admissible to prove the determination of the plaintiff's interest, since the issue was joined. Such testimony is only admissible under a *plea puis darrein continuance*. Nor can the fact be given in evidence, to restrict the recovery of damages.

Writ of Error to the Circuit Court of Greene. Before the Hon. G. D. Shortridge.

This was an action of detinue at the suit of the defendant in error, for the recovery of a slave named Charles. The cause was tried on the plea of *non detinet*, a verdict returned for the plaintiff, in which the value of the slave, with damages for his detention, were assessed, and judgment entered in usual form. On the trial, the defendant excepted to the ruling of the court. It appears from the bill of exceptions, that evidence was adduced by the plaintiff, tending to prove that about the middle of November, 1828, Charles was delivered to him by Sarah Rainey, in the State of South Carolina, and that the plaintiff took possession in despite of an objection by her husband to such delivery. In that State, the statute

Brown v. Brown.

of limitations applicable to personal property was four years, and after the expiration of that period, the plaintiff carried Charles to Mississippi, where he was forcibly taken by the defendant from his possession on the 1st March, 1836, and detained up to the time of the trial.    The plaintiff demanded the slave previous to the institution of this suit; but his demand was refused.

The defendant then offered and proved a deed of gift, in consideration of natural love and affection, from Thomas and Sarah Rainey to himself, for the slave in question.   This deed purports to have been made in South Carolina, on the 12th December, 1836, and conveys an estate to the donee for the life of Mrs. Rainey.

Sarah Rainey was the mother both of the plaintiff and defendant, was the widow of John Brown at the time of her marriage with Thomas Rainey—her maiden name was Sarah Ussery, and the daughter of John Ussery, who died in Virginia.   John Ussery made his will, in which he made the following bequest to his daughter, then Mrs. Brown, viz: "I lend unto my daughter Sarah Brown, my negro boy Frank, and my negro woman Jenny, and all her children to my said daughter during her natural life; and at her death, the said negroes and their increase to be equally divided, among all her children or their heirs."   Charles was a child of the woman Jenny.    This will was dated the 24th November, 1803, and admitted to probate in 1804.    Sarah Rainey died in 1844, leaving five children by her husband John Brown.

The defendant prayed the court to charge the jury—1. That the plaintiff could not recover the slave Charles, because by the death of Mrs. Rainey previous to the trial, the right to him vested in her children.   2. That the plaintiff was not entitled to recover hire for Charles after the death of Mrs. Rainey in 1844.    These charges were severally denied by the court.

Thereupon the court charged the jury—1. If the plaintiff acquired possession of the slave in question by the consent of the mother, but against the wishes of her husband, and held him for four continuous years in South Carolina, he acquired

27

a title not only against Rainey and wife, but all the world, until the death of Mrs. Rainey.

2. If the plaintiff became thus invested with a title, and the slave was wrongfully and illegally detained from his possession by the defendant, no subsequent sale or gift from Rainey and wife, could affect the plaintiff's right; nor would the death of the wife after the wrong had been committed, prevent a recovery in this action, *at least under the plea of non detinet.*

W. M. MURPHY, for plaintiff in error, cited 1 Stew. Rep. 536; 7 Ala. Rep. 9; 11 Id. 609; 2 Mass. Rep. 509; 2 Hay. Rep. 186; 4 Dev. Rep. 70.

J. ERWIN, for the defendant in error, cited Gilmer's Rep. 341; 1 Dev. & Bat. Rep. 234; Co. Litt. 283; 1 Chit. Plead. 113; 1 Saund. on Pl. & Ev. 434.

COLLIER, C. J.—This cause was before this court at a previous term, (5 Ala. Rep. 508,) and we then held, in conformity to what was before said in Goodman v. Munks, 8 Por. Rep. 84, that, where personal property has been held adversely in one State for a period beyond that prescribed by its laws as a bar to its recovery, and the possessor afterwards removes into another State, which has a larger period of prescription, the original holder cannot successfully assert a title in the latter State. It was proved at the trial that the statute bar to an action for a chattel is four years in South Carolina, and that the plaintiff retained the possession of Charles in that State under a claim of right. This was quite sufficient to give him a title as against those who had a present right of action—that is, against Thomas Rainey. But in respect to those who were entitled to the slave upon the death of Mrs. Rainey, the plaintiff's title by prescription would not operate. These conclusions are not now controverted, nor is it contended that one joint owner of a chattel may maintain an action against another; but the questions necessary to be considered are—1. Could the defendant defeat a recovery *under the issue,* of the slave or his alternate value, by proof that after the pleadings were made up, him-

self, the plaintiff and others, had become joint proprietors of the slave by the death of a person in whom a life estate was vested? 2. If the form of the issue will prevent the defendant from defeating a recovery of the slave or his value, may he not show the death of Mrs. Rainey, and avoid damages for the detention since that time?

1. In Coke upon Littleton, 283, it is laid down, "if the defendant plead *non detinet*, he may give in evidence a gift by the plaintiff, for that shows he does not detain his goods." It was said by *Gaselee, J.*, in Philips v. Robinson, 4 Bing. Rep. 106, "I had some doubts at first whether want of property in the plaintiff might be given in evidence on *non detinet*, but the passage from Lord Coke renders that point clear. If the defendant relies on a lien, that must be specially pleaded: but he may give in evidence under *non detinet*, that the plaintiff has no property in the thing sought to be recovered." So in detinue for slaves, parol evidence to prove that a deed by which they were conveyed, was executed for the purpose of defrauding creditors, was held admissible under the plea of *non detinet*. 2 Munf. Rep. 329. And the defendant in detinue may protect himself on the plea of *non detinet*, by proving that he and those under whom he claims, had possession of the property in controversy for the length of time which the statute of limitations makes a bar to a recovery. 4 Munf. 301.

Although it may be allowable under the general issue, to give in evidence any matter to show that the defendant does not detain the plaintiff's goods—that the latter has given them to the defendant or some third person, yet it is not admissible to adduce testimony of such matter of defence arising subsequently to the pleadings being made up.

In Sadler v. Fisher's Adm'rs, 3 Ala. Rep. 200, we said "there was a distinction as to a ground of defence which has arisen after issue joined, and as to matter arising pending the suit, but before plea. In the former case, the defendant must plead *puis darrein continuance;* in the latter he should show that his defence arose pending the writ, and insist that the plaintiff should not further have or maintain his action," &c. See also 1 Chit. Plead. 657, 9th Am. ed. The release of the defendant—his bankruptcy—an award, or accord and

satisfaction, &c., if occurring after issue joined, should be pleaded *puis darrein continuance.* Id. 657, 658; 15 East Rep. 622; 4 B. & C. Rep. 920; 7 Johns. Rep. 194; 5 Id. 392; 9 Id. 221; 5 Pet. Rep. 232. So, it may be pleaded in abatement, that a *feme sole* plaintiff has married, or in an action by an administrator that the plaintiff's letters of administration have been revoked *puis darrein continnance.* And a defendant sued as an executor *de son tort,* may plead that he has since obtained letters of administration, so as to support a previous plea of retainer in the character of executor. 1 Chit. Plead. 658.

In Morgan v. Cone, 1 Dev. & Bat. L. Rep. 234, it was decided, that if the plaintiff in an action of detinue gets possession of the thing sued for after issue joined, that fact may be pleaded *puis darrein continuance* in abatement of the suit; but such plea would not be good in bar. *Further,* in detinue damages are only consequential upon the recovery of the thing sued for; if therefore the plaintiff obtains possession of it pending the suit, he cannot proceed for the damages, but the suit fails altogether. "When a plaintiff," say the court, "brings an action of detinue, and regains possession of the thing detained, he falsifies his writ by his own act, and thereby defeats that action. It is a settled rule, that wherever the plaintiff falsifies his own writ, and this appears to the court, the writ abates," not only as to the thing sued for, but as to the damages and costs, which are a fruit or consequence of the recovery of it. "The thing detained is all that is demanded, and the damages are awarded to render the restitution complete. If the plaintiff, by his own act, destroy the *right* to restitution, there is an end to his *demand* of restitution." There is nothing in Shepard's Adm'r v. Edwards, 2 Hayw. Rep. 186, adverse to Morgan v. Cone, or to any thing we have said. The report of that case is so very brief, that it does not even inform us upon what issue it was tried, or that there was any controversy as to the adaptation of the proof to the pleading. The principles adjudged are certainly well founded.

In Austin's Ex'r v. Jones, Gilmer's Va. Rep. 341, it was adjudged, that even if the death of a slave, pending an action of detinue, could defeat the action as it respects the value,

the fact of death should be put in issue by a plea *puis dar-rein continuance.  Judge Brooke* said, " the pleadings gene-rally, are the best tests of the law.  The plea of *non detinet* traverses the allegations in the declaration, and puts it upon the plaintiff to prove them.  As to the possession in the de-fendant, that need only be proved, either at the suing out of the writ, or at some other time before."  He adds, that this proof of possession, with evidence of the value being adduc-ed, the plaintiff's case is made out; and it follows that any negative proof by the defendant, as to the possession after the writ, would be improper."  The case of Burnley v. Lam-bert, 1 Wash. Rep. 308, decides, that " the plea relates to the time of suing out the writ, or to some previous period, as regards the possession, and not to a time subsequent." Hence the learned judge concluded, that proof of the defend-ant's loss of the possession '' by death or otherwise, at a later period, was irrelevant to the issue."  Judge Roane laid down the same principles, and for the purpose of showing that the plea of *non detinet* related to the time of the institution of the suit, he cited 1 Wash. Rep. 135; 3 Call's Rep. 248; 1 Munf. Rep. 22.  And after discussing the point adds, " these principles, and these cases, then, clearly prove that the jury were limited by the pleadings in this case, to the proof of a possession, at the time of the institution of the suit, and had no right to receive evidence, or find a verdict touching the non-existence of that possession, as at the time of rendering the verdict.  That was a point ulterior to the one made by the pleadings.  It was not in issue, and therefore it was ir-regular to offer evidence in relation to it, or find it by the verdict."

These citations are direct to the point, and rest upon a foundation, which a court professing to follow the guidance of precedent cannot overturn.  They very satisfactorily es-tablish, that if the defendant would have availed himself of the consequences resulting from the death of Mrs. Rainey, he should have interposed a plea of *puis darrein continuance*, setting out the fact with appropriate allegations.  Whether such a plea should be in abatement, or bar, we need not de-termine.  But as the plaintiff had a good cause of action at the time of the commencement of his suit, and has not, in

the language of the law, falsified his writ by any act of his own, we are *strongly inclined to think* that no plea could be so framed as to prevent him from recovering damages to the extent of the hire of the slave, up to the death of Mrs. Rainey, or to throw on him the payment of the costs which had accrued when the plea was pleaded.

2. What has been said upon the first question, is altogether appropriate to the second, and if, under the plea of *non detinet*, it is not allowable to show the determination of the plaintiff's interest in the slave, after issue joined, and defeat a recovery of the slave, or his value, the defendant cannot show this fact, and thus restrict the recovery of damages. This conclusion is an obvious sequence from the principles of pleading discussed, and requires no further argument to support it.

This may be a hard case upon the defendant, and the result give to the plaintiff more than in moral justice he is entitled to recover. However this may be, we cannot accommodate the principles of law, so as to make our judgments the consummation of strict right; but if the parties will remember the relation they bear to each other, and that the golden rule requires us to *do unto others, as we would that others should do unto us*, they will have no difficulty in adjusting their differences. We have but to add, that the judgment of the circuit court is affirmed.