[Filed November 17, 1890.]

L. M. DAVIS *v.* FANNY DAVIS, IMPLEADED WITH M. W. DAVIS.

VOLUNTARY CONVEYANCE — CONSTRUCTIVE FRAUD.— A voluntary conveyance by a husband to his wife of all of his property subject to execution, is constructively fraudulent as to existing creditors, and an intent to defraud creditors is not necessary.

FRAUDULENT GRANTEE — RIGHT TO LOOK BEHIND THE JUDGMENT.— When the title of a grantee is attacked for fraud, he may look behind the judgment and ascertain whether or not there was an actual indebtedness between the parties upon which the judgment is founded.

FRAUDULENT GRANTEE MAY PLEAD THE STATUTE OF LIMITATIONS.— A grantee whose deed is attacked for fraud by one claiming to be a judgment creditor of his grantor, may plead the statute of limitations against the debt before it becomes merged in the judgment; but before any question can arise in relation to the statute of limitations, the objection must be taken in the proper manner, *i. e.*, by demurrer, if the objection appears on the face of the complaint, otherwise by answer.

DEBT BARRED BY THE STATUTE OF LIMITATIONS — NEW PROMISE — GRANTEE IN VOLUNTARY CONVEYANCE.— Where a debt is barred by the statute of limitations, the debtor may renew it by a new promise in writing, and where he afterwards makes a voluntary conveyance to his wife which is attacked because constructively fraudulent, the grantee in such deed cannot say that she was injured by such new promise.

FAMILY EXPENSES — PURCHASE MONEY.— Under section 2874, Hill's Code, the expenses of the family are chargeable on the property of both the husband and wife ; and where the wife takes a voluntary conveyance from her husband and pays a sum which had accrued as family expenses before the conveyance to her, she is entitled

to have the same, as well as a sum she paid to her husband's vendor as purchase money before the land was conveyed to her, out of the first proceeds of the sale.

Douglas county:   R. S. BEAN, Judge.

Defendants appeal.   Modified.

The plaintiff is a judgment creditor of the defendant M. W. Davis, and brings this suit to set aside a voluntary deed made by M. W. Davis to Emily Davis. At the time the deed in question was made, Emily Davis was M. W.'s wife, but a separation occurred soon thereafter and a divorce was obtained by the wife. The complaint is in the usual form in such case except that it is not alleged therein that an execution had been issued on the judgment and a return of *nolle bona* made thereon; but it is alleged that M. W. Davis had no property whatever, other then the land in controversy, out of which the plaintiff's debt could be made, and that at the time M. W. Davis deeded said land to his wife, he was, and has ever since continued to be, wholly insolvent. Amongst other things, the defendant Emily Davis alleged in her answer that the judgment of L. M. against M. W. Davis was taken and procured by the fraudulent connivance between the plaintiff and defendant therein and that the same was taken for the sole purpose of enabling the plaintiff, who is the brother of the defendant M. W. Davis, to bring this suit against the defendant Fanny Davis, when in truth and in fact the defendant M. W. Davis is not indebted to the plaintiff in any sum whatever. Some other allegations are made in the answer which will be more fully noticed in the opinion.

*Wm. R. Willis* and *C. A. Sehlbrede,* for Respondent.

The defendant Fanny Davis admits in her testimony, both on direct and cross-examination, that the deed to the premises herein described, from her husband to herself, was a voluntary conveyance, a gift; that she paid nothing for it; that her husband "gave it to her to show her that he did care something for her." The said deed is therefore fraudulent and void, as against the claims of existing creditors at the date of the conveyance, if it is shown that the grantor did

not have other property left, subject to execution, sufficient to pay all of his existing debts. (*Kaiser* v. *Waggoner*, 59 Iowa, 40, 12 N. W. Rep. 754; *Pfeiffer* v. *Snyder*, 72 Ind. 78; *Strong* v. *Lawrence*, 14 The Reporter, 14; *Henry* v. *Heinman*, 25 Minn. 199; *Collinson* v. *Jackson*, 8 Sawy. 357; *Bank* v. *Bertschy*, 52 Wis. 438; *Barhydt* v. *Perry*, 57 Iowa, 416; *Star Wagon Co.* v. *Maurer et al.* 53 Iowa, 741; 5 N. W. Rep. 576.)

Where property is transferred from a husband to his wife, after a debt is contracted, as against that debt she must show by a preponderance of proof that she is a *bona fide* purchaser. (*Thompson* v. *Loenig*, 13 Neb. 386, 14 N. W. Rep. 168; *Lane* v. *Starkey*, 15 Neb. 285, 18 N. W. Rep. 47.)

The allegation that the judgment was obtained by the connivance and fraud of plaintiff and the grantor is not sustained, as the plaintiff by a full and minute statement in his evidence explains how the debt arose, how and when the account was settled and placed in the form of a note, while the only evidence offered by the defendant, Fannie Davis, on the subject is that of T. R. Sheridan, who testified that the grantor had requested him to go on his bond, and that he understood it to be in this suit. A party alleging fraud must prove it by satisfactory evidence. (*Prichard* v. *Hopkins*, 52 Iowa, 120, 2 N. W. Rep. 1028; *Clemens* v. *Brillhart*, 17 Neb. 335, 22 N. W. Rep. 779; *Baughman* v. *Perin*, 60 Iowa, 271, 6 Pac. Rep. 890.)

Fraud will not be presumed, but must be affirmatively established. (*Jack* v. *Brown*, 14 N. W. Rep. 304; 20 N. E. Rep. 497.)

When fraud is alleged, the facts which are made the basis of the wrong should be strictly proved as stated. (*Collins* v. *Jackson*, 54 Mich. 186, 19 N. W. Rep. 947.)

*J. C. Fullerton*, and *Hamilton & Hamilton*, for Appellant.

The complaint is insufficient, and the demurrer should have been sustained; it is insufficient in that it fails to allege that an execution had been issued on the judgment before this suit was commenced. (*Dawson* v. *Coffey*, 12 Or. 519; Wait on Fraudulent Conv. § 87; *Adsit* v. *Butler*, 87 N. Y. 586.)

The judgment obtained by L. M. Davis against M. W. Davis (by default) is not conclusive on defendant here who is the grantee of said M. W. Davis, but may be impeached collaterally by showing that the same was fraudulent, or that there was no cause of action against said pretended judgment debtor, or that the statute of limitations had run before judgment. (Bump on Fraud. Conv. 559; *Warner* v. *Dove*, 33 Md. 584; *McDowell* v. *Goldsmith*, 24 Md. 230; S. C. 6 Md. 327; 2 Md. Ch. 387; Freeman on Judgments, § 418; *Inman* v. *Mead*, 97 Mass. 314; Wait on Fraudulent Conv. § 270; *King* v. *Tharp*, 26 Iowa, 283.)

The grantee may inquire into the grounds of the judgment and show that it does not give the party who holds it a right as against him to impeach the transfer. (Bump on Fraudulent Conv. 576; *Miller* v. *Miller*, 23 Me. 22, 39 Am. Dec. 597; *Mattingly* v. *Nye*, 8 Wall. 370; *Miller* v. *Johnson*, 27 Md. 6; *Boutwell* v. *McClure*, 30 Vt. 674.)

The grantee in a fraudulent conveyance has a right to plead the statute of limitations as against the original claim in a suit by a creditor to set aside the conveyance. (*McDowell* v. *Goldsmith*, *supra; Sharp* v. *Freeman*, 45 N. Y. 805; *Warner* v. *Dove, supra; Schaferman* v. *O'Brien*, 28 Md. 572, 92 Am. Dec. 708; *McClenney* v. *McClenney*, 3 Tex. 192; Bump on Fraudulent Conv. 560.)

Therefore the grantor cannot waive that plea by a new promise to affect the right of the grantee if claim was ever allowed to outlaw. (*Warner* v. *Dove, supra; McDowell* v. *Goldsmith, supra; Sharp* v. *Freeman, supra;* Hill's Code, Ch. 1, title 2, § 24; *Van Keuren* v. *Parmalee*, 2 N. Y. 526, 51 Am. Dec. 321; 3 Parsons on Contracts (7th ed.), p. 88, note; Wood's Limitations, pp. 79, 605; *McCarthy* v. *White*, 21 Cal. 500, 82 Am. Dec. 754; *Bell* v. *Morrison*, 1 Pet. 351; 6 B. & C. 603.)

The evidence about fraud in this inquiry concerning the lawfulness of the demand is only relevant for the purpose of determining whether it has suspended the statute of limitations until discovered. (*Reed* v. *Minel*, 30 Ala. 65; *McDowell* v. *Goldsmith, supra;* 2 Md. Ch. 390; *Ferris* v. *Henderson*, 12 Penn. St. 49, 51 Am. Dec. 580; *Suber* v. *Chandler*, 18 S. C. 531.)

A voluntary conveyance of all property of a debtor, as against existing creditors, is presumptively fraudulent only, and the fact of the intention to defraud is the gist of plaintiff's suit. (8 Am. and Eng. Ency. p. 752; Kerr on Fraud and Mistake, 205; Pomeroy's Eq. Jur. § 1415, and note.)

A voluntary conveyance is fraudulent ordinarily for the reason that the creditor trusts to the property owned at the time of giving credit. (Bump on Fraudulent Conv. 273; *Wilkes* v. *Cornelius* (Or.), 23 Pac. Rep. 473.)

A new promise by the grantor having been alleged, is it binding on the grantee? (*Dewey* v. *Mayor*, 9 Hun. 479.)

The law implies no promise of one brother to pay another for aid rendered of the nature shown by this evidence. (Bump on Fraudulent Conv. 232; *Wilkes* v. *Cornelius*, 23 Pac. Rep. 473.)

The new promise is therefore not founded on the moral consideration of a pre-existing legal obligation. (*Nine* v. *Starr*, 8 Or. 49.)

The declaration concerning indebtedness made by a grantor is admissible in favor of the grantee as well as a creditor. (Bump on Fraudulent Conv. 581; *Sweetzer* v. *Mead*, 5 Mich. 109; Bigelow on Fraud, 486.)

When a claim is stale and no excuse is shown for not using reasonable diligence, parties will be left to their legal remedies. (*McKnight* v. *Taylor*, 1 How. U. S. 161; *Clark* v. *Pratt*, 15 Or. 304.)

The clearest proof is necessary in cases depending on antiquated claims. (*Scoggin* v. *Schloath*, 15 Or. 380.)

STRAHAN, C. J.—In the view we take of this case, it is not necessary to particularly notice all of the questions attempted to be raised by counsel for appellant on this appeal. In the first place, it must be conceded that the plaintiff recovered a judgment against the defendant M. W. Davis on a note that bears date prior to the execution of the deed to Emily Davis, and that there was no valuable consideration passed between Emily and M. W. Davis at the time the deed was executed; in other words, that it was

purely a voluntary deed.  This entitles the plaintiff to the
relief which he seeks, that is, to set aside the deed as con-
structively fraudulent, so far as it hinders or delays the
plaintiff in the enforcement of his judgment unless the
legal effect of these facts is averted by something else
apparent in the record.  The note upon which the judgment
mentioned in the complaint was entered, bears date Novem-
ber 20, 1888, and the deed in question January 19, 1889, so
that upon the face of the record the debt existed at the time
of the conveyance.  But the defendant Fanny Davis insists
that she may go behind the judgment, and that if it appears
that the debt was fictitious or barred by the statute of limit-
ations in the first case, it would not support the proceeding
and in the other, it could not be revived to her prejudice.
These questions will be separately examined.  The first is
one of fact; the second, one of law.

1.  For the purposes of this case, the defendant Emily
Davis has the right to inquire behind the note upon which
the judgment mentioned in the complaint is founded.  And
for this purpose we think she may inquire into the consider-
ation of the note, because if there was not an actual sub-
sisting debt due and owing by M. W. Davis to L. M. Davis
at the time the note was executed, the execution of the note
could not create one, nor would such transaction constitute
the plaintiff a creditor within the meaning of the statute.
It is therefore necessary to look to the evidence on that sub-
ject.  The only evidence offered is the plaintiff.  He testifies
in substance that on the 14th day of October, 1888, M. W.
Davis was indebted to him between sixteen hundred and
two thousand  dollars for medical attendance, money
advanced and furnished lodging, washing, etc.; that about
the 20th day of November of that year the parties had a
settlement, made a lumping settlement in the sum of $1,500,
for which he took the note upon which the judgment men-
tioned was rendered, and that nothing had been paid
thereon.  On his cross-examination he testified that $480 of
this sum was advanced, he thought, in 1878, and $40 more

the following year; $75 at another time, and about $500 was
advanced to buy his stock and dental outfit when he came
to Roseburg. Thinks this was in 1879 or 1880. He further
testified that the items for boarding and nursing accrued in
Missouri in 1876 or 1877. He further says he charged $250
for dental tuition and $250 for board while M. W. lived
with him for the purpose of receiving instruction, and that
M. W. is a younger brother. No books of account were
produced, and there is a degree of vagueness and uncer-
tainty in the evidence which tends to render it somewhat
unsatisfactory, but it is not contradicted nor is the credibility
of the witness assailed. This evidence is weak and some-
what unsatisfactory, growing out of the delay in asserting
the claim against M. W. and all the attending circumstances;
yet we do not think it can be rejected. Unless rebutted or
overthrown in some way, it is *prima facie* sufficient to prove
that the note sued on was founded upon a sufficient consid-
eration.

2. The appellant next insists that it appearing that more
than six years elapsed after the demands of the plaintiff
accrued and became due and payable, they are barred by
the statute of limitations, and that as against her they could
not be revived or made the foundation of a claim upon
which a judgment could be entered and made the basis for
an attack on her title. If this contention were tenable in a
proper case, and we think it is, it cannot avail this defend-
ant for two reasons: *First*, she did not plead the statute of
limitations, and, *second*, so far as the facts are disclosed by
the evidence, the new promise was made before the deed to
the defendant Fanny Davis was executed. The rule of law
must be taken as settled in this state that if a claim be set
up against a party, which is barred by the statute of limita-
tions and the fact appears upon the face of the proceeding,
the objection must be taken by a demurrer; otherwise it
must be taken by answer; and if not taken either in one
form or the other according to the fact, it is to be deemed
waived. In this case, the objection did not appear on the

face of the complaint. It was necessary therefore to take it by answer or else it was waived. The objection as to the new promise we think equally unavailing. If Fanny Davis had relied upon the statute of limitations in her answer, and the new promise had been made *after* the execution of the deed of M. W. Davis to her, we think that no new promise that M. W. might have made could have affected her. But so far as the evidence discloses the facts, the new promise is older than her deed. It is true her counsel have argued with great tact and ingenuity that this is a mere device resorted to by these brothers to over-reach her and to enable the plaintiff to attack her title. The fact may be so, but it rests on conjecture merely and not on the evidence. If this new promise were made *before* the deed to the defendant Fanny Davis, no reason is perceived why it should be held invalid as against her. At that time she had no interest in this land. M. W. Davis owned it and could have mortgaged it to secure an outlawed debt if he had thought proper to have done so. He might have been sued on this old outlawed account which his brother held against him and refused to demur to the complaint on the ground that the debt sued on was barred, and the plaintiff could have taken a judgment against him and subjected this same land to its payment before it was conveyed to his wife and no one could have interposed any objection. For the reasons indicated, the statute of limitations is not in this case and cannot influence its determination.

3. There is one other question that seems to require some attention. Hill's Code, § 2874, makes the expenses of the family chargeable upon the property of both the husband and wife. Whatever family expenses were incurred while either of the parties owned this property were a charge upon it; and if after Fanny Davis received the title she paid any such expenses, her equity for the amount paid is superior to the plaintiff's and must be first satisfied. The evidence tends to show the amount was $300. So as to the claim of Aaron Rose for the balance of the purchase money, whether Rose

had a lien for it or not, she paid it, and the same must be returned to her before the plaintiff is paid anything.

The decree of the court below will therefore in all things be affirmed except that Fanny Davis will be first paid out of the proceeds of the sale of the property $300 with interest at 8 per cent per annum from the date of payment, which the court below is directed to ascertain, and the further sum of $145, paid by Fanny Davis to Aaron Rose, with interest thereon at 8 per cent per annum, which the court below is also directed to ascertain.