# Wilkinson v. Wilkinson.

### *Bill in Equity for a Divorce.*

1. *Bill for a divorce; equity pleading; orders of chancellor for taking further testimony after submission of cause.*—On a bill filed by a husband against his wife for a divorce upon the ground of voluntary abandonment, a decree *pro confesso* was rendered. The cause was then submitted by complainant for decree in vacation upon testimony taken by him. After the

[Wilkinson v. Wilkinson.]

submission, the chancellor, for the purpose of informing himself as to whether there existed a defense to the bill, prepared interrogatories to be propounded to the defendant, which he directed the register to have answered. The register obeyed these instructions, but the complainant had no knowledge or notice of the time and place of taking the answers, nor was he given an opportunity to file cross interrogatories, to cross examine the defendant as a witness. *Held*: That in such a proceeding the complainant was denied a right to which he was entitled, and that the answers of the respondent to the interrogatories so propounded should not have been considered by the chancellor as evidence, and that, therefore, a decree, based upon such answer denying to complainant the divorce as prayed for, was erroneous.

APPEAL from the Chancery Court of Tallapoosa.
Heard before the Hon. RICHARD B. KELLY.

The bill in this case was filed by the appellant, W. H. Wilkinson, against the appellee, Mary W. Wilkinson; and prayed for a divorce from the defendant upon the ground of voluntary abandonment of the complainant. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

On the final submission of the cause the chancellor rendered a decree denying the relief prayed for and ordering the bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

JAMES W. STROTHER, for appellant.

No counsel marked as appearing for appellee.

TYSON, J.—The bill in this cause was filed by the husband against the wife for a divorce upon the ground of voluntary abandonment. It contains all the necessary statutory allegations.—Code, §§ 1485, 1492.

After decree *pro confesso* the complainant, in accordance with the provisions of the act of the General Assembly approved December 14, 1898, (Acts, 1898-99, p. 118), submitted his cause for decree in vacation, upon the

testimony taken by him. After the submission, the chancellor, for the purpose of informing himself as to whether there existed a defense to the bill, prepared interrogatories to be propounded to the defendant, which he directed the register to have answered. This the register did, and those answers were considered by him upon the hearing as evidence in the cause. It does not appear that the complainant knew that this order had been made in the cause, or ever saw the interrogatories. Nor does it appear that he had any notice of the time and place of the taking the answers upon the interrogatories by the register, or was given an opportunity to file cross-interrogatories, or to cross-examine the witness. For aught appearing, the whole proceeding was *ex parte*. Indeed, from all that appears in the record, it may be affirmed that it was an *ex parte* deposition.

While it is true, that such suits are regarded as of a tripartite character—a triangular proceeding *sui generis*—wherein the public, or government, occupies in effect the position of a third party, and the court is bound to act for the public in such cases (*Powell v. Powell*, 80 Ala. 595; *Ribet v. Ribet*, 39 Ala. 348), and may to that end, *ex mero motu*, at any time before final decree, direct an inquiry to ascertain the fact of the existence of a defense (*Smith v. Smith*, 4 Paige, 432; 7 Ency. Pl. & Pr., 88), we apprehend, in making the inquiry, the rights of the complainant are not to be abridged or disregarded, but must be respected. When an inquiry of this sort is instituted by the chancellor, involving as it necessarily does the right of the complainant to maintain his suit, there is no reason why the complainant should be precluded or debarred of the rights which he has, of having notice of the inquiry as well as the right to cross-examine the witnesses who may be examined by the court and to introduce evidence in his own behalf. The fact that the issue is made with him by the court instead of by the respondent, does not and cannot deprive him of his right of trial according to the forms of law, the right to know the issue he is expected to meet, to cross-examine the witnesses who may be called to testify against him upon the issue, and

to introduce evidence to disprove the truth of the defense attempted to be set up by the court to defeat his bill. No good reason can be assigned, and for that matter none can exist, why the government should be accorded an advantage in this class of cases which it does not and cannot have in causes where the State, its representative, is a party on the record. In whatever form the inquiry may be instituted, it is safe to say the complainant is entitled to be heard. To deprive him of this right would be to deny to him due process of law. It follows that the answers of the respondent to the interrogatories cannot be considered as evidence.

Reversed and remanded.