[Harper, et al. v. Raisin Fert. Co., et al.]

# Harper, *et al. v.* Raisin Fert. Co., *et al.*

## Bill to Foreclose a Mortgage.

(Decided July 3, 1908.   Rehearing denied Jan. 14, 1909.
48 South. 589.)

1. *Appeal and Error; Review; Favorable Rulings.*—Where rulings are favorable to the party appealing, such rulings will not be considered by this court on appeal.

2. *Same; Review.*—There having been no decree on the motion to dismiss the original bill before the filing of the amendment this court on appeal can consider only the motion to dismiss the bill as amended, and to strike the amendment.

3. *Same; Motion to Strike.*—The chancellor's refusal to strike an amendment to the bill can be reviewed on appeal from the final decree.

4. *Equity; Pleading; Amendment.*—Generally speaking, if the record shows that the complainants were not entitled to relief under the original bill, subsequent occurrences set up by supplemental bill or amendment will not cure the defect.

5. *Fraudulent Conveyances; Suits to Avoid; Issues.*—The primary issues in a suit to set aside a conveyance as fraudulent, is the existence of a debt for the payment of which, except for the conveyance, the property conveyed could be made liable.

6. *Same; Defenses.*—A mere creditor cannot defend a suit to avoid a conveyance as fraudulent on the grounds of limitation; but one who has acquired an interest in the property by deed or mortgage from the original owner can make any plea which the original owner himself could have made to protect the property.

7. *Same; Barred Debt.*—A conveyance is not fraudulent as to a creditor whose debt is barred by limitations.

8. *Judgments; When Effective; Filing.*—A decree signed in vacation does not become effective until filed.

9. *Same; Conclusiveness.*—A judgment in a foreclosure suit, rendered after the filing of a bill by the creditor to avoid a conveyance of other lands as fraudulent, does not preclude the defense to the bill that the debt was barred by limitation when the bill was filed.

10. *Limitation of Action; Effect at Bar.*—Although the debt is barred by limitation the mortgage given as security for the debt can be foreclosed.

APPEAL from Coffee Chancery Court.
Heard before Hon. W. L. PARKS.

[Harper, et al. v. Raisin Fert. Co., et al.]

Bill by the Raisin Fertilizer Company and others against R. Harper and another. From the decree, defendants appeal. Reversed and rendered.

H. L. Martin, for appellant. A creditor whose claim is barred by the statute of limitations cannot maintain a bill to set aside a fraudulent conveyance.—2 Pom. Eq. Rem. sec. 889; 57 S. W. 339; 49 Am. Dec. 738. R. F. Harper, the donee, can set up any defense that the debtor could in his life.—51 Ala. 544; 66 Ala. 561. Demurrer is the proper way to raise this question.—106 Ala. 424. The fact that a judgment was rendered against Harper does not show that the claim was not barred when the bill was filed.—104 Ala. 340; 73 Ala. 296. Where a bill does not contain equity, it cannot be so amended as to give it equity.—38 Ala. 337. Nor can facts occurring subsequent to the filing of the original bill give the bill equity.—63 Ala. 595; 80 Ala. 312. If the facts show a general assignment, then the complainant's bill is without equity.—131 Ala. 108. J. B. Harper, was not the proper party complainant.—106 Ala. 417; 64 Ala. 162; 65 Ala. 134; 69 Ala. 269; 3 Mayf. pp. 250 and 233.

J. F. Sanders, and M. Sollie, for appellee. Motion to dismiss the original bill for want of equity would not lie after the bill has been amended.—*Hodges v. Verner,* 100 Ala. 612. The revisionary jurisdiction of this court is limited to the particular decree appealed from.—*Beebe v. Morris,* 56 Ala. 526; *Richardson v. Nat. Bank,* 119 Ala. 286; *Elrod v. Smith,* 130 Ala. 212; *Hood v. Southern Ry.,* 133 Ala. 374; *N. W. L. Assn. v. Grady,* 137 Ala. 219. A demurrer on the ground that there is no equity in the bill is a general demurrer.—*Pate v. Hinson,* 104 Ala. 599. On the authorities next above cited the decree appealed from will not sustain an ap-

peal. Misjoinder of complainants must be taken advantage of by demurrer.—*Lehman-Durr & Co. v. Greenhutt,* 88 Ala. 478. This was not ground for dismissal.—*Gayle v. Singleton,* 1 Stew 566; 51 Ala. 574; 52 Ala. 445. So far as disclosed by the bill the assignment of the mortgage was not in writing and the assignee must join with the mortgagee in foreclosing the same.—*Denby v. Melgrew,* 58 Ala. 149; *Beebe v. Morris, supra.* The bill has equity.—*Metcalf v. Arnold,* 132 Ala. 77. Rule 45, Chan. Prac. authorizes the amendment.—63 Ala. 595. The amendment of the bill did not change or destroy its original character and did not work a departure.—*Moore v. Smith,* 6 Ala. 506; 12 Cyc. 41; Bump's Fraud. Conv. 509.

SIMPSON, J.— The bill in this case was filed by the appellees, J. P. Harper and the Raisin Fertilizer Company, against the appellants, R. Harper and R. F. Harper. J. B. Harper having died, the case was revived in the name of his representatives; and the bill was subsequently amended so as to substitute the widow, who is also executrix, in place of R. F. Harper, deceased. The bill is based upon a debt due by R. Harper to J. B. Harper, secured by a mortgage, which said debt and mortgage had been, by said J. R. Harper, transferred and assigned to said Raisin Fertilizer Company, to be held by it as collateral security for a debt due by said J. B. Harper to it. It is alleged that the mortgage debt is largely greater than the value of the property mortgaged, and the bill alleges that certain other properties have been fraudulently conveyed by said R. Harper, and seeks to have the conveyances set aside, etc. While there were several decrees and orders during the progress of the case, the appeal is from the final decree rendered June 1, 1907.

[Harper, et al. v. Raisin Fert. Co., et al.]

The agreement to submit shows that all previous decrees are set aside; also that the motion to dismiss the bill as amended, the demurrer to the bill as amended, and the motion to dismiss, filed February 8, 1907, are withdrawn; and the cause was to be submitted on demurrer to the bill as amended, filed September 21, 1906, the motion to dismiss the bill as amended, filed the same day, the motion to strike part of the bill, additional demurrers filed October 22, 1906, motion to dismiss bill as amended, filed October 22, 1906, motion to strike amendment to bill, and motion to dismiss bill for want of equity, filed September 21, 1906. The record does not show any note of submission, and the decree of the chancellor states that "this case is submitted on written agreement, in vacation, on demurrers to the bill as amended." The decree sustains the demurrer, and then, reciting the submission on "motion to dismiss the bill as amended, and motion to strike," overrules both. It is evident, from this recital, first, that, the demurrer being sustained, the appellant cannot call upon this court to consider any matters in the chancellor's opinion as to the various grounds of demurrer, some of which he considered well taken and others not, the decree being in favor of the appellant sustaining his demurrer (*Coleman v. Butt*, 130 Ala. 266, 30 South. 364, and cases cited); second, that, there being no decree on the motion to dismiss the original bill, before the filing of the amendment, we can consider only the motion to dismiss the bill as amended, and the overruling of the motion to strike the amendment. The ruling of the court on the motion to strike may be reveiewed on appeal from the final decree.—*Hood et al. v. Southern Railway*, 133 Ala. 374, 377, 31 South. 937.

The bill as amended shows that the debt which is claimed to be due to the complainant was due on the 1st day of April, 1889, the conveyance sought to be attacked was made May 1, 1902, and the original bill in this case filed september 9, 1902; so that the debt was barred by limitations when the conveyance was made and when the bill was filed, and the amendment filed December 8, 1905, shows that, since the filing of the bill, to wit, on September 9, 1903, a decree of foreclosure on the original mortgage was rendered by the chancery court, that the property was sold, and after said sale and the application of the proceeds a personal judgment was rendered against the mortgagor for a balance of $2,089. It also shows that the conveyances complained of were made May 1, 1902, and subsequent thereto, and that the bill for foreclosure was pending at that time. The bill was without equity as originally filed, by reason of the debt being barred.—*Battle v. Reid*, 68 Ala. 153. At that time it was incapable of amendment, so as to give it equity. So the question arises, can the subsequent facts set forth in the amendment impart validity to it.?

It is a general principle of law "that, if the record shows that the complainants were not entitled to relief upon the original bill, matter which subsequently occurred, and which is averred by way of supplemental bill (or amendment), does not cure the defect."—*Land and Wife v. Cowan et al.,* 19 Ala. 297, 298; *Hill v. Hill,* 10 Ala. 527; *Planters' & Merchants' M. Ins. Co. v. Selma Savings Bank,* 63 Ala. 585, 595; *Scheerer et al. v. Agee,* 133 Ala. 383, 21 South. 81. This court has said that "the theory on which such a bill proceeds is that the fraudulent donee is to be taken and deemed as an executor de son tort. This being the capacity in which he is sued, he can prefer any defense to the debt, with which he is sought to be charged, that the decedent in his life,

or a rightful representative, could prefer."—*Halfman's ex'r. v. Ellison,* 51 Ala. 544, 554; *Houston v. Blackman,* 66 Ala. 561, 41 Am. Rep. 756. In another case, in which a creditors' bill was filed attacking conveyances made by a decedent, this court said: "We do not consider the question whether the statute of limitations would protect the title of the fraudulent grantee. * * * We know of no principle or authority upon which the position can be maintained that a debtor is denied the privilege of pleading the statute of limitation against the debt because he has made a fraudulent conveyance and successfully concealed it. * * * The statute is pleaded by the administrator, and we can perceive no reason why he should not as well defend in the chancery court, upon the ground that the claim is barred by the statute, as if he had been sued at law."—*Reed's Ad'r v. Minell & Co.,* 30 Ala. 65. This court has also said: "If, upon the face of the bill, it is apparent the claim or demand of the complainant is barred by lapse of time, or by the statute of limitations, the defense is available in a court of equity, on demurrer, as well as by plea or answer."— *Battle v. Reid,* 68 Ala. 153; *Lovelace v. Hutchinson,* 106 Ala. 417, 424, 17 South. 623. "The grantee * * * may plead any defense, not merely personal, which the grantor or debtor could have made against it."—*Deposit Bank of F. v. Caffee et al.,* 13 Ala. 211, 33 South. 152. "The fact of primary importance in such a proceeding * * * is the existence of a debt, for the payment of which, except for the conveyance, the property transferred could be made liable."—*Yeend, Adm'r, v. Weeks et al.,* 104 Ala. 331, 339, 16 South. 165, 53 Am. St. Rep. 50.

It is true that our court has held, in several cases of creditors' bills, that the statute of limitations to the original cause of action was not pleadable; but the

ground upon which such decisions were rendered was that in each case the effort was, not merely to set aside a deed claimed to be fraudulent, but to enforce a trust in the land, by reason of the money of the debtor having been invested in the land or otherwise, and the court very properly said that the enforcement of the trust did not depend upon the question of limitations as to the original debt.—*Stoutz, Adm'r, v. Huger et al.,* 107 Ala. 248, 253, 18 South. 126; *Guyton et al. v. Terrell,* 132 Ala. 67, 74, 31 South. 83; *N. W. Land Ass'n v. Grady,* 137 Ala. 219, 224, 33 South. 874. These decisions do not impinge upon the general doctrine that the grantee, in a conveyance claimed to be fraudulent, can make the defense of the statute of limitations as to the original debt, and so long as he is insisting on that defense the bill is without equity as to him.—*Dacis v. Davis,* 20 Or. 78, 84, 85, 25 Pac. 140. In the case of *Emory v. Keighan,* 94 Ill. 543, the action was ejectment, the title being based on a purchase at a mortgage sale, and the question of the statute of limitation was attempted to be raised by a surety on the note, said note not being barred against the principal by reason of his absence from the state; and the court held that the bar as against the surety on the note did not invalidate the sale under the law of that state, by which the bar of the note also bars the foreclosure of the mortgage. That decision was, of course, correct, as the foreclosure of the mortgage did not effect the liability of the surety on the note. The case of *Cartwright v. Cartwright,* 68 Ill. App. 74, is based entirely on the last-cited case, and on *Lee v Mound Station,* 118 Ill. 312, 8 N. E. 759, and *Shields v Shiff,* 124 U. S. 351, 8 Sup. Ct. 510, 31 L. Ed. 445, neither of which touches the question at all. While a mere creditor cannot raise the defense of the statute of limitations, yet the party who has acquired an interest

in the property by deed or mortgage from the original owner is placed in the shoes of the grantor, and authorized, "for the purpose of protecting the property, to make any plea which he himself could have made."—*Ward v. Waterman*, 85 Cal. 490, 24 Pac. 930; *Hill v. Hilliard & Co.,* 103 N. C. 34, 38, 9 S. E. 639.

We are unable to agree with the chancellor to the effect that the statute of limitations is not applicable, because the judgment rendered in the foreclosure suit "is conclusive of the fact that at the time of the filing of the original bill in this case the debt was not barred by the statute of limitations." "A judgment against a grantor in an alleged fraudulent conveyance  *  *  * is not evidence that the debt existed at any time anterior thereto."—*Yeend, Adm'r, v. Weeks et al.*, 104 Ala. 332, 340, 16 South. 165, 53 Am. St. Rep. 50; *Lawson v. Alabama Warehouse Co.,* 73 Ala. 289, 293. The foreclosure proceedings could be maintained, notwithstanding the debt was barred by the statute of limitations (*Ohmer v. Boyer*, 89 Ala. 274, 7 South. 663), and the judgment over is rendered on motion, without any notice to the defendant, other than the filing of the bill.—*Wells, Adm'r, v. Am. Mort. Co.,* 123 Ala. 413, 26 South. 301.

It is unnecessary for the court to consider whether such a judgment could in any event take from the grantee the right which he had to defend his property by pleading the statute of limitations. It is sufficient to say that such a judgment, rendered after the institution of the creditors' bill, could not impart to the original bill equity which it did not have at the time it was filed. The amendment should have been stricken from the bill, and the bill dismissed.

The decree of the chancellor is reversed, and a decree will be here rendered dismissing the bill.

Reversed and rendered.

## On Rehearing.

SIMPSON, J.—While the record shows that the decree was signed in vacation, June 1, 1907, and was not filed until July 5, 1907, the decree did not become effective until said latter date.—*Hudson v. Hudson,* 20 Ala. 364, 56 Am. Dec. 200. In this case it was held that a paper purporting to be a decree of the orphans' court, signed by the judge, and found among the papers, but not recorded, was not a decree of the court.

When a decree is rendered in vacation, as in the case now under consideration, the mere signing of it cannot make it effective, as it is still in the breast of the court, to alter or destroy, until it is filed in court; consequently the appeal on August 3d was in time.

It is not necessary to decide whether the defense of the statute of limitations can be raised by motion to dismiss the bill. This is not the case of a bill to enforce the collection of a debt, to which the defense of the statute of limitations is interposed, but the bill is by a creditor, to set aside a conveyance claimed to be fraudulent, and if, at the time the conveyance was made, the statute had barred the debt, so that the debtor was at liberty to disregard the debt and convey the property, the conveyance was not fraudulent. Hence a bill seeking to set it aside is without equity.

The motion for rehearing is denied.

TYSON, C. J., and HARALSON, DOWDELL, ANDERSON. and DENSON, JJ., concur.