HARDICK (LASH v.). See Case No. 8,097.

## Case No. 6,048.

### In re HARDIN.

[1 Hask. 163; 1 N. B. R. 395 (Quarto. 97); 1 Amer. Law T. Rep. Bankr. 48, 119; 15 Pittsb. Leg. J. 343.][1]

District Court, D. Maine.  March 16,.1868.

BANKRUPTCY—PROOF OF DEBT—STATUTE OF LIMITATIONS—REVIVAL.

1. A debt, barred by the statute of limitations in the state where the bankrupt resides, is not provable in bankruptcy against his estate by a creditor resident in another state, even though not barred by the statutes of that state.

[Cited in Re Cornwall, Case No. 3,250; Re Noesen, Id. 10,288; Nicholas v. Murray, Id. 10,223.]

2. Nor is such debt revived by the entering of it on the schedule of the bankrupt's liabilities.

[In bankruptcy. In the matter of Herman P. Hardin.] Two questions were certified by Mr. Register Thatcher to the court for decision: (1) Are debts due citizens of Massachusetts and Rhode Island, who have always resided in those states, provable against the estate of the bankrupt, who has always resided in Maine, when such debts are barred by the

statute of limitations of that state? (2) Are such debts, when so barred. revived by the bankrupt's entering them upon his schedule of liabilities annexed to his petition in bankruptcy?

FOX, District Judge. The first question has been carefully examined by Blatchford, J., in Re Ray [Case No. 11,589], and that learned judge in an elaborate opinion, decides that such demands are provable, notwithstanding they would otherwise be barred by the statute of limitations in an action at law. Judge Lowell, upon the same question, in a very able opinion in Re Kingsley [Id. 7,819], holds that such claims are not provable against the estate of the bankrupt.

I have carefully examined the opinions, and I concur in that of Judge Lowell. I do not feel it incumbent on me to do much more than refer to his opinion for the reasons which lead me to this conclusion. It seems to me beyond all question, that if these claims were allowed by the register and district judge, and an appeal should be taken under the 24th section of the bankrupt act [of 1867 (14 Stat. 528)] that on trial before the circuit court the claimant must fail. This section expressly declares that in such an appeal, the creditor shall set forth his claim in a statement "substantially as in a declaration for the same cause of action at law, and the assignee shall plead or answer thereto in like manner, and like proceedings shall thereupon be had in the pleadings, trial and determination of the cause, as in an action at law, commenced and prosecuted in the usual manner in the courts of the United States."

Could not an assignee plead the statute of limitations in such a cause? This language expressly authorizes it. It says the assignee shall plead in like manner, and like proceedings shall be had in the pleadings and trial as in an action at law in the courts of the United States. These courts, in Maine, in an action against a resident of Maine, must be governed by the laws of Maine regulating the limitation of actions, if they are properly pleaded, and can administer none other. The lex fori must control. Bank of U. S. v. Donnally. 8 Pet. [33 U. S.] 372.

Judge Blatchford admits that no debt can be considered "due and payable," which is barred by the statute of limitations; and that a debt so barred cannot be proved. If an action was pending before him in the circuit court in New York on such a demand, and the assignee should plead the statute of limitations of New York, it certainly seems to me that the judge would be bound to recognize the validity and effect of the plea. There is not a word in the whole bankrupt act which authorizes him to reject it, or restrain it from its full and ordinary effect; on the contrary, the 24th sec. above quoted, as I apprehend, in terms requires the court to proceed in the pleadings. trial and determination of the cause, as in an action at law.

[1] [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission. 1 Amer. Law T. Rep. Bankr. 48, 119, contains only a partial report.]

The provisions of the 22d section, requiring the court to reject all claims not duly proved, or when the proof shows the claim to be grounded in fraud, illegality, or mistake, in my opinion tend to corroborate this construction, and sustain the view that only legal claims, such as could be sustained against the bankrupt in an action at law, are provable.

Would the claim of the creditors in the present case offer a basis for involuntary proceedings? The language of the 39th section authorizes a party guilty of certain acts to be adjudged a bankrupt on the petition of one or more of his creditors, the aggregate of whose debts provable under this act amount to at least $250. Will it be claimed that debts to the amount of $250, upon which no recovery could be had in the circuit court by reason of their being barred by the statute of limitations, would be such an indebtment as could sustain an involuntary petition in bankruptcy? No provision can be found in the statute, which debars the debtor in such a case from saying, "I do not owe the claim, the debt is not a legal one, and cannot be sustained against me"; and yet, the language describing the indebtment is, "debts provable under the act." Would not a debtor, owing demands, which could be legally enforced against him, and also outlawed demands, have a right to pay or secure all of the former, and would such conduct be an act of bankruptcy, subjecting him to the provisions of the involuntary clause in behalf of the creditors of these outlawed debts? [Would such a preference be set aside, and the transfer adjudged invalid, and the holders of these old debts allowed to share and divide among themselves, all the property so conveyed in preference, or in payment of legal and valid claims, to the entire exclusion of the holders of these demands, and would such a preference and payment, of every dollar which could be recovered against him, deprive him of his discharge, if he should be driven into bankruptcy by the holders of the claims barred by the statute? Such consequences would seem to result, if the language of the 39th section, "debts provable against him," would include demands barred by the statute, and if the holders of such demands are to be recognized as creditors entitled to avail themselves of the benefit of this section.] [2]

The language of the statute, to authorize such a construction, and subject a party to bankruptcy on claims to which he had before the act a complete defence at law, should be so positive and certain, as to admit of but one construction, and I can find nothing therein which authorizes me to so interpret it. It is admitted that such has been the law in England ever since the decision of Ld. Elden in Ex parte Dewdney, 15 Ves. 479, and no good reason I think exists for a different construction of our bankrupt act. The only argument presented against this view is, that if this is the true construction, the bankrupt will not be discharged from his old demands, as only provable debts are discharged. I have no doubt that these are provable debts, and that they will be discharged by the certificate if granted. They are of a provable character, but are no longer "due and payable," because the law of the forum designated by congress for the adjudication presumes their payment, and a demand that is paid no longer exists as a legal, provable cause of action. The reasoning of Judge Lowell on this point is entirely satisfactory to me, and therefore, is to my mind a complete answer to the objection, that the debtor would not be released from these claims by his discharge. Proof disallowed.

[The entry of these claims by the bankrupt on his schedule of liabilities cannot be considered as a waiver of the statute, or a new promise to take them out of the statute. A naked acknowledgment of a debt is, of course, not a new promise, but is only evidence from which the court or jury may infer a new promise on the part of the debtor, and to authorize such an inference, to use the language of Mr. Justice Story in Bell v. Morrison, 1 Pet. [26 U. S.] 351, "if there be no express promise, but a promise is to be raised by implication of law from the acknowledgment of the party, such an acknowledgment ought to contain an unqualified and direct admission of a previous subsisting debt, which the party is liable and willing to pay. If there be accompanying circumstances which repel the presumption of a promise or intention to pay, we think they ought not to go to the jury as evidence of a new promise to revive the cause of action." An intention to pay his liabilities is certainly the farthest thing possible to be inferred from a debtor's filing a petition in bankruptcy to be discharged therefrom. On the contrary, he thereby says he cannot pay and does not intend to pay, or to have them remain as outstanding demands against him; instead of paying, he means and intends forever to be discharged therefrom.

[I understand that Judge LOWELL and Judge BLATCHFORD both agree in this result, and are of opinion that the demands are not taken out of the statute by being thus entered by the bankrupt in his schedules of liabilities. The demands of these creditors are not provable against the estate of the bankrupt, and it will be so certified to the register.] [3]

---

HARDIN (TRUMAN v.). See Case No. 14,205.

---

[2] [From 1 N. B. R. 395 (Quarto, 97).]

[3] [From 1 N. B. R. 395 (Quarto, 97).]