JUDGE HARDIN
delivered the opinion oe the court.
On the 14th day of November, 1864, Mary A. Richardson sold and conveyed to the appellant, Sarah Catherine Place, then the wife of John C. Place, a house and lot in the city of Louisville, for the consideration of ten thousand dollars, the deed reciting the payment of six thousand dollars thereof in cash, and the acceptance of the two promissory notes of John C. Place for the balance, in two annual installments of two thousand dollars each, for which a lien was reserved in the deed upon the property. These notes appear to have been respectively paid at or near their maturity; but whether with the money of the appellant or her husband does not satisfactorily appear.
On the 5th of August, 1868, the appellee, Lewis Rhem, a judgment creditor of John C. Place, for several debts amounting to about $3,967.09, all created since the date of said conveyance, commenced this suit in equity against Place and wife, exhibiting his judgment and executions thereon, which had been returned, in substance, “no property found,” and alleging the insolvency of Place, and that he had paid the entire consideration of the conveyance to his wife with his own money, and fraudulently procured the deed to be made to her instead of himself to avoid the payment of his debts; and seeking to set aside the conveyance, and to have the property, which he caused to be attached, subjected to the payment of his claims.
Place and wife answered separately, controverting the *587 allegations of the petition imputing fraud to either of them, denying that the price of the property was paid with his money, and averring that the means used in paying for the property was the money of Mrs. Place, which she had for years before had and controlled in her own right, and with her husband’s assent kept and withheld from him for the purpose of buying her a residence.
In the mean time, and shortly before the institution of this suit, Place and wife entered into a contract with the appellee, George Lindenberger, stipulating for the sale of the house and lot to him for twelve thousand five hundred dollars, and for the purchase from him of one hundred acres of land in Jefferson County for fifteen thousand dollars, which sales were consummated on the 12th day of August, 1868, by conveyances— Place and wife simultaneously executing to Lindenberger a mortgage on the one hundred acres of land to secure the payment of a balance owing to him, and also to indemnify him against loss in consequence of the claims of Rhem and others incumbering the title to the house and lot.
In the progress of the suit Lindenberger was made a party, and filed an answer and cross-petition, seeking a foreclosure of the mortgage for the satisfaction of the debts secured by it, and to reimburse him for expenses incurred in consequence of incumbrances on the house and lot, and other relief in the event of the enforcement of Rhem’s attachment.
The chancellor of the court below, on hearing the cause, was of the opinion that the transaction by which the title to the house and lot was conveyed to Mrs. Place was, as his opinion expresses it, “ tainted with actual as well as constructive fraud,” and that the property should be subjected to the satisfaction of Rhem’s claims, and so adjudged by sustaining the attachments and directing- a sale of the property. The court further adjudged a foreclosure of the mortgage to Lindenberger, and a sale of so much of the land as necessary to *588 raise the amount of Rhem’s recovery, and two other, sums of three hundred dollars and one hundred and fifty dollars, claimed on account of attorney’s fees, and also the costs of Lindenberger in this and another suit referred to in the pleadings, and which he claimed as embraced by the mortgage.
By this appeal the entire judgment has been brought before this court for revision.
There was no attempt made to have Rhem subrogated to the lien of Mrs. Richardson, reserved in her deed, and discharged by the payment of John C. Place’s notes to her; nor is there now any question to be decided as between either of the appellees and the estate of said Place, who was discharged in bankruptcy and died during the pendency of the suit.
But the essential inquiry is, whether the conveyance to the appellant was either constructively on actually fraudulent.
If it be conceded that J. C. Place paid the entire consideration, and procured the title to be vested in his wife instead of himself, and that her attitude was not therefore that of a purchaser for a valuable consideration, yet as the claims of the appellee Rhem all originated subsequent to the conveyance, which was properly recorded, and has not been assailed by any antecedent creditors, it could not, even if treated as a voluntary conveyance from Place to his wife, be rightfully adjudged to be void in this case, under section 2 of chapter 40 of the Revised Statutes, for that enactment expressly declares that such conveyances “ shall not, on that account alone, be void as to creditors whose debts or demands are thereafter contracted.”
Nor can we concur in the conclusion of the chancellor that the “ transaction ” was actually fraudulent. Although it appears that John C. Place had been in embarrassed circumstances, and that he was perhaps to some extent indebted at the date of the conveyance to his wife, the evidence concerning his liabilities at that time is not such as, in our opinion, should warrant the belief that he procured the sale and conveyance to be made to *589 his wife with intent to defraud his then existing or subsequent creditors. The evidence conduces to the conclusion that all, or the greater part, of the six thousand dollars paid at the time of the purchase was money he had long before given to his wife and placed under her separate control, to be invested in property by her for “a home,” in pursuance'of a promise made to her before their marriage. At the time of the purchase he was engaged in a lucrative business in connection with R>hem and others, which may well have justified a confident expectation that he would be able to pay his two notes of two thousand dollars each at their maturity, without detriment to his creditors; and we do not perceive how his subsequent payment of those notes involved the commission of a fraud, or could operate retrospectively to affect the validity of the conveyance to his wife.
■ It results that the judgment in favor of both of the appellees is deemed erroneous, and must be reversed. On the return of the cause the claims of Lindenberger under the mortgage may be further litigated and adjusted. The petition of Rhem will be dismissed.
Wherefore the judgment is reversed, and the cause remanded for further proceedings and judgment as indicated in this opinion.