CASE 102—PETITION EQUITY—OCTOBER 7.

## Gregory v. Lamb, &c.

APPEAL FROM MARSHALL CIRCUIT COURT.

1. FRAUDULENT CONVEYANCE.—In an action by a judgment creditor to set aside a conveyance by the judgment debtor on the ground of fraud, the grantees in the conveyance may inquire into the grounds of the judgment and show that it does not give the attaching creditor a right to impeach the transfer, and to this end may show that the judgment is for a debt or liability which was created after the transfer.

2. SAME.—The conveyance having been made for a valuable consideration, and without fraudulent intent upon the part of the grantor before or at the time it was made, and he at the time never having heard of the claim for which the judgment was subsequently rendered, the petition was properly dismissed.

H. M. HEATH AND J. M. FISHER FOR APPELLANT.

1. The appellant had a subsisting claim against Davis at the time of and before the execution of the conveyance, and just prior to its execution had sent him written notice of her intention to sue him and the conveyance was therefore fraudulent, as to the appellant's claim. Dehony v. Dehony, 7 Bush, 217; Brady v. Briscoe, 2 J. J. M., 212; Hawkins v. Moffit, 10 B. M., 81;

Eacham v. Pirtle, 81 Ky., 507; Slater v. Sherman, 5 Bush, 206; Lillard v. McKee, 4 Bibb, 165; Lowry v. Fisher, 2 Bush, 70; Hurd v. Courtney, 4 Met., 140; Gen. Stat., sec. 1907.

REED & OLIVER FOR APPELLEES.

1. The evidence shows that Davis made the deed in good faith, and without any knowledge of liability to or claim of appellant and without fraudulent intent and purpose; under such circumstances the conveyance will not be set aside. Bank of Commerce v. Payne, &c., 86 Ky., 462.

2. The deed was based upon a good and valuable consideration and was made at a time when appellant was not a creditor within the meaning of law; and she never became such until her alleged claim was reduced to a judgment several months thereafter. Her claim was not such a one, if she had any at all, as could be enforced against Davis at that time as a liability within the meaning of our statute. Amer. & Eng. Enc. of Law, vol. 13, p. 287; Haywood v. Schreve, 15 Vroom (N. J.), 104; Wood v. Curry, 57 Cal., 209.

3. And conceding the marriage contract to have existed at that time, it was one which could not be performed except by the mutual good faith of the contracting parties, and no liability existed upon the part of Davis until he had refused to carry it out which it is not claimed that he had done at that time; (13 B. M., 464), and the claim of appellant was not an existing liability within the meaning of the statute until it was reduced to a judgment. Slater v. Sherman, 5 Bush, 209.

4. Appellees were not parties or privies to the judgment obtained by appellant against Davis, and are in no sense bound by it; and in this action it was incumbent upon plaintiff to establish her marriage contract with Davis, before she could set aside the conveyance. Allen's heirs v. Allen's heirs, 1 J. J. M., 391; Memphis & St. L. Packet Co. v. Gray, 9 Bush, 148; Bigelow on Estoppel, 4 Ed., 139.

5. Appellant was an incompetent witness to prove the contract of marriage between her and Davis, who was dead at the time. Civil Code, sec. 606.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

In 1893, the appellant, a widow of fifty-two, sued one W. B. Davis, an old man of eighty-six, for breach of a marriage contract, and in some way, not explained in this record, ob-

tained a judgment against him in June following for $600. In August thereafter Davis, in a fit of despondency growing out of this suit, killed himself.   He had been the owner of some lands and personalty, but in December, 1892, had conveyed all of his estate to the appellee, Martha C. Lamb, wife of her co-appellee, W. R. Lamb, and with whom, as a member of their family, the old man had lived for some twenty-six years.   The recited consideration was that the grantee had cared for grantor "for twenty years or more in time of sickness and distress," and would, as the grantor believed, "continue to look after" his wants during the balance of his life.

Upon a return of "no property found" on the execution which issued on the judgment against Davis, appellant brought the present action against the Lambs to have the conveyance of December, 1892, set aside as voluntary and actually fraudulent.   The chancellor properly dismissed the petition.

In the first place there is no satisfactory or competent evidence that Davis was under a contract to marry appellant at the time the Lamb conveyance was made; on the contrary the proof conduces to show that there never was such a contract at any time.   The judgment of June, 1893, is not evidence against the Lambs, who were strangers to the record, to show that appellant had any cause of action against Davis in December, 1892, or that the debt of $600 was an existing liability against Davis at any other date than at the time judgment was rendered, or at most when suit was brought in January, 1893.

In cases of this kind the grantee may inquire into the

grounds of the judgment and show that it does not give the attacking creditor a right to impeach the transfer. To this end he may show that the judgment is for a debt (or liability) created after the transfer. (2 Bump on Fraudulent Conveyances, 557, 558.

In the second place the proof fails to show any fraudulent intent in making the conveyance. It is apparent that Davis never heard of appellant's claim until January after the conveyance, and, therefore, had no reason for providing against any obligation he did not know existed. Moreover, the conveyance was for a valuable consideration, according to its recitals, which are abundantly shown to have been true.

For years the grantor had made his home with the Lambs and was greatly attached to them and their children. He had often expressed the intention of giving them what property he had because of their service to him. He came from North Carolina a stranger, and found a home with those willing to care for him. His relatives, as he conceived, had wronged him, and he was open in his determination not to give them any of his estate. What he did was entirely natural and consistent with his surroundings, and we think free from fraudulent intent.

Judgment affirmed.