In re LIPMAN.

(District Court, S. D. New York. May 13, 1899.)

1. BANKRUPTCY—PROVABLE DEBTS—STATUTE OF LIMITATIONS.

A claim founded on a judgment is not provable in bankruptcy against the estate of the judgment debtor when at the time of filing the petition in bankruptcy all right of action thereon was barred by the statute of limitations of the state where the judgment was recovered and by that of the state where the creditor resides, as well as by the law of the state where the bankruptcy proceedings are pending.

2. SAME—DEBT LISTED IN SCHEDULE.

The fact that a bankrupt includes in his schedule of debts a claim already barred by the statute of limitations does not revive such claim, so as to make it a provable debt against his estate, to the prejudice of his other creditors.

3. SAME—EXPUNGING CLAIM.

A claim duly proved and allowed against the estate of a bankrupt may be expunged, on motion, when it is shown to have been barred by the statute of limitations at the time the petition in bankruptcy was filed.

In Bankruptcy.

Oppenheim & Severance, for creditors.
Wolf, Kohn & Ullman, for bankrupt.

BROWN, District Judge. Pending the taking of testimony before the referee upon specifications in opposition to the discharge of the bankrupt, a motion was made to expunge a proof of claim made by Brown Bros. & Co., a firm creditor of the bankrupt, stated in the schedules. The motion was granted by the referee, whose decision thereon has been brought before me for review. The claim proved, is a judgment recovered in Utah on November 2, 1888, for $2,330, for debt and costs, upon a demand for goods sold and delivered to the bankrupt at Salt Lake City, where he then resided. The firm creditor was located and did business at San Francisco, where the holders of the claim still reside. By the statute of limitations of Utah, no action can be brought upon any judgment recovered in any state or territory after the lapse of five years. 2 Comp. Laws 1888, p. 224, §§ 3141, 3142. The same limitation of five years is prescribed by section 336 of the Code of Civil Procedure of California. The bank-

94 F.—23

*rupt* continued to reside in Utah for more than five years thereafter, namely, until September, 1895, when he removed with his family to this city. His petition in bankruptcy was filed in January, 1899. The period of limitation for the commencement of actions on judgments in this state is 20 years (Code, § 376); but a special provision (section 390) enacts as follows:

"Where a cause of action * * * accrues against a person who is not then a resident of the state, an action cannot be brought thereon in a court of the state against him or his personal representative, after the expiration of the time limited by the laws of his residence for bringing a like action, except by a resident of the state, * * * (1) where the cause of action originally accrued in favor of a resident of the state; or (2) where before the expiration of the time so limited, the person, in whose favor it originally accrued, was or became a resident of the state; or the cause of action was assigned to, and thereafter continuously owned by, a resident of the state."

From the above provisions it is evident that at the time the petition in bankruptcy was filed, the claim of these creditors was barred by the statutes of limitation, not only in the states of Utah and California where the parties then resided, and where the judgment was obtained, but also in this state. Many, if not all, of the states have provisions similar to that of section 390 of the Code of this state above cited; and the principle of such statutes as statutes of repose, interstate comity and the public convenience, required the general application of that rule. By the federal law the state statute of limitation is ordinarily applied in legal proceedings arising within the state. Notwithstanding the decision in the case of In re Ray, 1 N. B. R. 203, Fed. Cas. No. 11,589, I think the weight of authority and of sound reason requires the claim to be expunged (In re Cornwall, 9 Blatchf. 114, 126, 137, 138, 6 N. B. R. 305, Fed. Cas. No. 3,250, and cases there cited; In re Noesen, 12 N. B. R. 422, Fed. Cas. No. 10,288; In re Kingsley, 1 N. B. R. 329, Fed. Cas. No. 7,819; In re Harden, 1 N. B. R. 395, Fed. Cas. No. 6,048), and the decision of the referee is therefore sustained.

The insertion of this debt in the schedules of the bankrupt was no revival of the claim. The rights of other creditors to the assets, if there are any assets, could not be thus prejudiced.