## Beasley v. Gouge, et al.

(Decided December 2, 1910.)

### Appeal from Grant Circuit Court.

Husband and Wife—Action by Creditor of Deceased Husband to Set Aside Deed to Wife.—In an action by a creditor of a deceased husband to set aside a conveyance made by him to his wife, on the ground that his debt was created prior to the conveyance; Held, that the husband could not have had the conveyance to his wife set aside in his favor if he had undertaken to do so, and it will not be pretended that the court intended by the loose language used, to deprive her of a property right in favor of her husband, without affording her an opportunity of defending the case as to him. This being true, the conveyance as to him was valid, and his subsequent creditor has no cause to complain of it and no right to set it aside.

C. H. BEASLEY for appellant.

W. D. GRAY and R. L. WEBB for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—
Affirming.

L. P. Gouge, in his lifetime, was the owner of two
hundred and fifty-eight acres of land in Grant county,
Kentucky. In 1886 he conveyed all of his land to his
wife, Calista Gouge, without valuable consideration
therefor. In 1888 certain of his creditors, whose debts
were created prior to the conveyance, filed a suit in the
Grant circuit court against the grantor and his wife for
the purpose of having the conveyance declared fraudu-
lent as to their debts, under the provisions of section
1907, Kentucky Statutes. Pending the litigation, L. P.
Gouge, evidently under the apprehension that the con-
veyance would be set aside and the lands subjected to the
debts of his creditors, amended his answer and claimed
as against them a homestead in the lands conveyed to his
wife, and prayed that, in case the conveyance should be
set aside, his right of homestead be upheld and land of the
value of one thousand dollars be allotted to him. When
the case came on to be heard, a judgment was rendered
holding the conveyance fraudulent as to the debts of the
plaintiffs and setting it aside as to them. The claim of
homestead was also upheld, and the court provided in
the judgment that the fifty-seven acres of land involved
in this litigation be set aside as the homestead of L. P.
Gouge. Afterwards it appears that the land not in-
cluded in the homestead right was sold, and the proceeds
fully paid off the claims of all the creditors whose debts
existed prior to the conveyance involved in the litigation.
L. P. Gouge and wife remained on the homestead during
the remainder of his life, and after his death his wife re-
mained in possession of it until her death. Mrs. Gouge
left a last will and testament, by which she devised all
of her property, including the fifty-seven acres in ques-
tion, to her children, T. O. Gouge and William L. Gouge,
who are the appellees here.

After the death of Mrs. Gouge, the appellant, C. H.
Beasley, who is a creditor of L. P. Gouge, instituted this
action to subject the homestead to the payment of his
claim, upon the theory that, by the terms of the judgment
setting aside the conveyance, the homestead belonged
to L. P. Gouge, his debtor; that while his widow, Calista
Gouge, had a right to the use of the homestead during
her life, at her death it was subject to the debts of her
husband. Upon the trial of the case the circuit judge

dismissed the petition, and from that judgment C. H. Beasley has appealed.

We are of the opinion that the theory of appellant can not be upheld. His claim was created two years after the conveyance of L. P. Gouge to his wife, and, therefore, it was valid as to his debt. The statute, section 1907, Ky. Stats., as to subsequent creditors, provides that, although the conveyance be adjudged to be void as to a prior creditor, it shall not be deemed to be void as to subsequent creditors or purchasers. It is true, it is recited in the judgment setting aside the conveyance, that L. P. Gouge was entitled to a homestead in the land as against his creditors who were suing him, but the court did not mean that, as between Gouge and his wife, the conveyance involved in the litigation was invalid; nor did he by his judgment set that conveyance aside except in so far as it militated against the interest of the creditors whose claims were created prior thereto. The language of the judgment on this subject is as follows: "* * * And it is adjudged that said sale and conveyance was voluntary and fraudulent as to the debts of plaintiff. T. G. Gouge, and the defendants, W. W. Dickerson, executor of Marietta Kendall, and L. Cavanaugh, and the same is in so far as it affects their interest set aside and cancelled." L. P. Gough did not ask that his homestead right be upheld as against his wife, and no such idea appears in the record. All that was prayed for by him was that his right of homestead be upheld as against his suing creditors; and this prayer was granted. But it was clearly not the intention of the court to set aside the conveyance any further than the interest of the prior creditors required. It is true the language of the judgment in regard to the homestead was loose and inaccurate. It really should have been said that, inasmuch as L. P. Gouge was the owner of a homestead as against the plaintiffs, the conveyance was good to that extent. But this was what the court meant by the language actually used, and this was all that was justified by either the law or the pleadings.

The conveyance from L. P. Gouge to his wife was valid as to the debt of appellant Beasley, because it was created subsequently to the conveyance. The court would not, at his suit, have set the conveyance aside; and he has no greater rights now than he would have had if he had instituted an action to impeach the validity of the conveyance in the lifetime of L. P. Gouge. L. P. Gouge could not have had the conveyance to his wife

set aside in his favor if he had undertaken to do so, and it will not be presumed that the court intended by the loose language used to deprive Mrs. Gouge of a property right in favor of her husband without affording her an opportunity of defending the case as to him. Keeping in mind the purposes for which the suit of L. P. Gouge's creditors was instituted, and the issues raised therein, it is clear, as said before, that the court did not intend, in favor of her husband, to deprive Mrs. Gouge of any rights acquired under the conveyance. This being true, the conveyance as to him was valid, and his subsequent creditor has no cause to complain of it, and no right to have it set aside.

Judgment affirmed.