## Dugan's Extx. et al. v. Daugherty, et al:

(Decided January 11, 1912.)

Appeal from Hardin Circuit Court.

Fraudulent Conveyance.—A conveyance without consideration is void as to existing liabilities, but not as to debts thereafter created.

S. H. BUSH for appellants.

IRWIN & IRWIN for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In August, 1907, the appellee, George F. Daugherty, purchased two lots in the city of Elizabethtown, Kentucky, for $250, and had them conveyed to his young daughter—the deed being put to record a few days after it was made. In October, 1908, Daugherty became indebted to C. H. Dugan, and failing to pay the indebtedness on account of insolvency, this action was brought in 1910 by the executrix of Dugan against Daugherty and his daughter to set aside the conveyance made to her upon the ground that it was fraudulent, and have the property subjected to the payment of the debts. The evidence shows that at the time Daugherty purchased and had the lots conveyed to his daughter, he had property of the value of two or three thousand dollars and did not so far as the record shows owe any debts. He was an industrious, money-making, but dissipated and improvident man, and as one of the witnesses said, "When he was sober he made money fast, but when he was drinking he lost it fast." It is manifest from the evidence, which is very brief, that at the time these lots were conveyed to his child, he did not contemplate becoming indebted to Dugan or have in mind that he would ever owe him anything, and that he did not have the property conveyed to his daughter with the purpose or intent of defrauding Dugan or any one else. The conveyance was, of course, without consideration, and would have been void as to his existing liabilities, but not as to debts thereafter created, as were the ones sued on by appellant. There is no evidence whatever to bring the case within the scope of Section 1906 of the Kentucky Statutes providing in substance that every conveyance

made with intent to delay, hinder or defraud creditors, purchasers or other persons shall be void.

The judgment dismissing the petition seeking to subject the land is affirmed.