## Pace's Trustee v. Pace, et al.

(Decided February 2, 1915.)

### Appeal from Calloway Circuit Court.

1. Fraudulent Conveyances—Transfers and Transactions Invalid.—A conveyance without consideration is void as to existing liabilities, but not as to debts subsequently created.

2. Fraudulent Conveyances—Remedies of Creditors and Purchasers—Persons Entitled to Assert Invalidity.—Only persons who are prejudiced by a conveyance alleged to be fraudulent may call its validity into question; and the party claiming under such conveyance may impeach the claim of the attacking creditor and interpose any defense, including a plea of the statute of limitations, which the grantor himself might have invoked in a direct action upon the claim; the effect of such defenses when interposed by the grantee being to deny prejudice to the attacking creditor resulting from the conveyance sought to be invalidated.

J. R. GROGAN and A. D. THOMPSON for appellant.

JOHN RYAN for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

In 1905 H. H. Pace bought a tract of land in Calloway county, and in 1908 he conveyed it to his wife, M. E. Pace.

Subsequently, in 1909, 1910, and 1911, Pace became involved in financial difficulties, and, in 1912, he filed a petition in bankruptcy, and was duly adjudicated a bankrupt.

The trustee of the estate of H. H. Pace in bankruptcy instituted this action in the Calloway Circuit Court against Mrs. Pace and the bankrupt, seeking to subject the tract of land mentioned to the payment of Pace's obligations. At the August term, 1913, the court rendered a judgment declaring the conveyance made by Pace to his wife in 1908 only constructively fraudulent and holding it valid as against obligations incurred after its execution, but that being without consider-

ation, it was invalid as against obligations created prior to its execution. The court directed the parties to take proof relative to, and ascertain the obligations of, Pace existing in 1908 when the conveyance was executed.

It was then shown that, while living in Tennessee, in 1898, Pace had contracted two debts: (1) a note of $106.05, executed May 23, 1898, and an open account for $11.04, due November 28, 1898; and these were all the debts Pace owed at the time he conveyed the land to his wife. These claims had been filed and allowed in the bankruptcy proceeding, and when filed herein the defendants pleaded the Tennessee limitation of six years.

The court held this plea sufficient and adjudged that the petition be dismissed, and the plaintiff appeals.

1. Appellant trustee contends that neither Pace nor his wife had a right to invoke the statute of limitations as a defense against the attack upon the conveyance made by Pace to Mrs. Pace.

As to Pace, appellant contends that, having failed to interpose a plea of the statute when proof of claim was filed by the Tennessee creditor in the bankruptcy proceeding, he will not be permitted to do so in this action.

It has been held that a claim barred by the statute of limitations is not a provable claim within the purview of the Act of Congress relating to bankruptcy. 94 Fed., 353; 95 Fed., 804. And it has also been held that it is the duty of the trustee to plead the statute in behalf of the other creditors. 94 Fed., 353; 118 Fed., 670. But, whether it was the duty of the bankrupt or of his trustee to have filed exceptions to such claim when presented, and whether the bankrupt, having failed to file such exceptions in the bankruptcy proceeding, is estopped from interposing such plea in the present action, is here unnecessary to be considered, for Mrs. Pace as grantee in the deed attacked as fraudulent had an unquestioned right to invoke the statute of limitations in respect of the antecedent liabilities of the grantor, as a defense to the action, in so far as it affected her.

2. The conveyance from Pace to his wife, as the trial court properly held, was voidable only as against any debts which the grantor owed at the time of the execution of the conveyance. Dugan's Ex'x v. Daugherty, 146 Ky., 187, 142 S. W., 242. This is the rule where the conveyance is without consideration, but not actually fraudulent.

3. In Yeend v. Weeks, 104 Ala., 331, 16 So., 165, 53 A. S. R., 50, the court said:

"Only those persons whose rights are interfered with, who are injured by conveyances alleged to be fraudulent, have the right to interfere to set them aside. When one aggrieved by such a conveyance calls its validity in question, and moves to set it aside, the parties claiming under the gift or conveyance may dispute his claim by demanding that he shall prove himself to be a creditor of the grantor or donor, with a valid, subsisting debt against him."

That the grantee in a conveyance attacked as fraudulent may impeach the pursuing creditor's claim or judgment and interpose any defense which the debtor himself could have invoked in a direct suit against him upon the claim, including the defense of the statute of limitations, has been established in the following authorities: Davis v. Davis, 20 Ore., 78, 25 Pac., 140; Miller v. Miller, 23 Me., 22, 39 A. D., 597; Battle v. Reid, 68 Ala., 149; Lovelace v. Hutchinson, 106 Ala., 417, 17 So., 623; Ward v. Waterman, 85 Cal., 488, 24 Pac., 930; Hill v. Hilliard, 103 N. C., 34, 488, 9 S. E., 639; McClenney v. McClenney, 3 Tex., 192, 49 A. D., 738; Harper v. Raisin Fertilizer Company, 158 Ala., 329, 48 So., 589, 132 A. S. R., 32; 20 Cyc., 428. See Gregory v. Lamb, 101 Ky., 727.

When the statute of limitations is invoked by the grantee in a conveyance attacked as fraudulent, the plea operates to deny that any prejudice resulted to the pursuing creditor by reason of the execution of the conveyance, and thereby challenges his right to attack it.

The plea of the statute of limitations invoked by Mrs. Pace being valid, there remained no liabilities as against which the conveyance to her was fraudulent, and the trial court properly dismissed the petition.

Judgment affirmed.