## Marler, et al. v. Greenburg Iron Company.

(Decided November 23, 1926.)

### Appeal from Rockcastle Circuit Court.

1. Pleading.—Where answer and counterclaim were not traversed or controverted of record, defendants held entitled to judgment on pleadings.
2. Fraudulent Conveyances.—Conveyance is not void as to subsequent creditors unless made with fraudulent intent.
3. Fraudulent Conveyances.—Burden of proving fraud is on those who attack conveyance.

4.  Fraudulent Conveyances.—Mere fact that conveyance was voluntary is not sufficient ground for setting deed aside.

5.  Fraudulent Conveyances.—Where defendant, nine years before incurring debt sued on, conveyed land to wife, no fraudulent intent of defeating indebtedness was evident.

6.  Deeds.—Evidence that deed was put to record immediately after execution, that grantee had deed in her possession and had paid mortgages, discharge of which was part of considerations in deed, held to show acceptance of deed.

7.  Deeds.—Deed does not take effect until delivered.

8.  Deeds.—Acceptance by grantee is necessary element of delivery of deed.

B. J. BETHURUM for appellants.

C. C. WILLIAMS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On April 10, 1914, J. W. Marler became indebted to the A. L. Greenburg Iron Company in the sum of $201.20. Suit was brought on the claim, and on January 8, 1916, judgment was rendered in favor of the A. L. Greenburg Iron Company for the debt, interest and costs amounting to $22.80. In the month of March, 1916, execution was issued on the judgment and returned on April 22, 1916, "No property found." The judgment has not been satisfied in whole or in part.

On July 29, 1920, the A. L. Greenburg Iron Company brought this action against J. W. Marler and Serena Marler alleging that Serena Marler was the wife of J. W. Marler and was holding in her name certain property belonging to J. W. Marler. Plaintiff also prayed for a general order of attachment against J. W. Marler's property and asked that defendants be required to answer and disclose any property owned by them in which J. W. Marler had an interest, and that so much of said property as might be necessary be subjected to plaintiff's judgment and the costs of the action. The defendants filed an answer and counterclaim which, after denying that Serena Marler held in her name any property belonging to J. W. Marler, contains the following allegations·

"The defendant, Serena Marler, for her separate answer and counterclaim herein alleges that she is the owner in fee simple of certain real estate located in Rockcastle county, Kentucky, and she is the

owner of a tract of land which has been levied on under a general order of attachment issued in this action against the property of J. W. Marler, that said land is known as the Bray tract of land, and contains 75 acres, more or less, but she avers that said land is not the property of J. W. Marler, and has not been his property since the 30th day of June, 1905, upon which date, for a valuable consideration, her codefendant, J. W. Marler, executed to her a deed of general warranty, by which he conveyed to her all the right, title and interest which he then held in and to said land; that said transfer of said land was made to her as aforesaid by the said J. W. Marler, long before the creation of the plaintiff's debt, which is the basis of this action; and that from the time of the execution of said deed up until the institution of this action, she has been the owner in fee simple of said tract of land, and J. W. Marler has had absolutely no interest whatever in the same.''

No reply was filed to the answer and counterclaim, nor were its averments traversed of record. On final hearing the court adjudged that the conveyance from J. W. Marler to his wife, Serena Marler, of the Bray tract of land was made for the fraudulent purpose of defeating his creditors, and ordered the land sold for the purpose of satisfying the debt, interest and costs. The Marlers have appealed.

As the allegations of the answer and counterclaim were not traversed or controverted of record, it is at once apparent that appellants were entitled to a judgment on the pleadings, but we need not rest our decision there. It has long been the settled rule in this state that a conveyance is not void as to subsequent creditors unless made with a fraudulent intent; that the burden of proving fraud is on those who attack the conveyance; and the mere fact that it was voluntary is not a sufficient ground for setting the deed aside. Place v. Rhem, 7 Bush 585; Enders v. Williams, 1 Metcalfe 346; Hanson v. Buckner, 4 Dana 251; Beasley v. Gouge, 141 Ky. 34, 132 S. W. 178; Dugan's Executrix v. Daugherty, 146 Ky. 187, 142 S. W. 232. It sometimes happens that a husband who is about to engage in a hazardous enterprise, or to incur an indebtedness, places his property in his wife's name in order to escape liability if he should become indebted, or

to defeat debts which he is about to incur, and the fraud- ulent intent may be inferred from the circumstances. Here there was no evidence that J. W. Marler was indebted when the deed was made, and it hardly can be said that he made the conveyance with the fraudulent intent of defeating an indebtedness which he did not incur until nine years later.

Indeed the case seems to have been tried on the theory that Mrs. Marler never accepted the deed, and it is insisted that her evidence establishes this fact. It is true that a deed does not take effect until delivered, and that acceptance by the grantee is a necessary element of delivery. Hacker v. Deaton, 200 Ky. 383, 254 S. W. 1055. As a matter of fact the deed was put to record immediately after its execution, and Mrs. Marler testified that she had it in her possession all the time and kept it in her washstand drawer. It is true that she was unable to say exactly when she saw the deed for the first time, but she explained that there were several deeds, and as she could not read or write she could not tell one from the other. Not only so, but one of the considerations in the deed was the discharge of certain mortgages on the property, and her evidence shows that these mortgages were paid with timber and other property taken from her land. In the face of this showing it can not be said that the deed was never accepted by Mrs. Marler.

Judgment reversed and cause remanded, with directions to enter judgment in conformity with this opinion.