## DUEL, Commissioner of Insurance of Wisconsin, v. NATIONAL SURETY CORPORATION.

### No. 1235.

District Court, E. D. Wisconsin.

Nov. 11, 1943.

Frank T. Boesel, of Milwaukee, Wis., for plaintiff.

Miller, Mack & Fairchild, of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

The questions to be determined are raised by a combination motion of the defendant. This motion will be considered in two parts: (a) the first fifteen paragraphs of said motion, asking for a more definite statement under Rule 12(e), F.R.C.P., 28 U.S.C.A. following section 723c, and (b) the last four paragraphs, asking that certain paragraphs of the complaint be stricken as immaterial under Rule 12(f), F.R. C.P.

This action is brought by the plaintiff as Commissioner of Insurance of the State of Wisconsin, in which capacity he took charge as liquidator of the Mid-Continent Mutual Insurance Company, insolvent (hereafter called "Mid-Continent"). The complaint sets forth that on February 19, 1940, the defendant executed and delivered its bond indemnifying Mid-Continent against loss of money or other personal property not exceeding $10,000, which it might sustain through misappropriation, misapplication, or other fraudulent or dishonest acts by one or more of its employees.

Only directors of the insured corporation who are not also officers thereof are excepted in the definition of employees contained in the bond. Hence, apparently, officers who were directors at the same time would be included among the employees covered.

Plaintiff seeks recovery of $10,000 from defendant by reason of alleged misapplications and misappropriations of Mid-Continent's funds by certain of its officers, to wit, Elmer H. Kambe, Carl M. Kindt, and Milton J. Maxon. The complaint alleges that during the period the indemnity bond was in effect, these officers wrongfully and unlawfully misappropriated Mid-Continent funds in an aggregate amount much larger than $10,000, and that said officers acted personally or through the instrumentality of certain named corporations which they controlled. Illustrative of the more definite statements which the defendant seeks by its motion, request No. 1 asks the exact period of time when Kambe was a member of the board of directors of Mid-Continent; No. 2 asks the exact period of time when Elmer Kambe was an officer of Mid-Continent; No. 3, the date when Elmer Kambe and Berenice Kambe incorporated State Insurance Underwriters; No. 5, the agreement between Mid-Continent and State Insurance Underwriters; Nos. 6 and 7, itemization of moneys collected by Kambe and Kindt which plaintiff claims to have been converted; Nos. 11 and 12, the exact periods of time when Milton J. Maxon was a member of the board and an officer respectively of Mid-Continent; No. 13, the time when Maxon organized Insurance Premium Finance Corporation; No. 14, the agreement between Mid-Continent and Premium Fi-

nance Corporation; and No. 15, an itemization of funds alleged to have been converted by Maxon.

Our inquiry must ascertain whether any of the allegations complained of are not averred with sufficient definiteness or particularity to enable the defendant to properly prepare its answer or other responsive pleading. We should also keep in mind that the Federal Rules of Civil Procedure make adequate provision for discovery which defendant may utilize in preparing for trial.

■ The function of the complaint is to afford fair notice to the adversary of the nature and the basis of the claim asserted, and a general indication of the type of litigation involved. Continental Collieries, Inc. v. Shober, 3 Cir., 130 F.2d 631, 635.

■ I am of the opinion that the allegations of which defendant complains are sufficient, and that defendant's motion for a more definite statement must be denied.

■ Defendant also moves to strike Paragraph 5, two parts of Paragraph 12, and a part of Paragraph 19 of the complaint. Paragraph 5 refers to certain assessments in the liquidation proceedings in the Circuit Court of Milwaukee County. Such assessments are immaterial to the plaintiff's cause of action, and this paragraph may be stricken. That part of Paragraph 12, stating the commissions received by Elmer Kambe as agent for Mid-Continent, may be stricken, for it is not apparent that such allegation has any connection with plaintiff's cause of action; at least it has no proper place in the pleadings. The second part of Paragraph 12 of which defendant complains, alleging that the complaint is based in part upon admissions made by Kambe in certain liquidation proceedings and in part upon a letter written by him, is a mere recital of evidence and has no place in the complaint; it may, therefore, be stricken. The same is true as to the portion of Paragraph 19 complained of, which may likewise be stricken.

The defendant may draw an order in conformity with this opinion, and may have within 20 days after the date of said order to answer or otherwise plead to the complaint.