KENTUCKY–TENNESSEE LIGHT & POW-
ER CO., for Use and Benefit of TRI–CITY
UTILITIES CO., v. FITCH et al.

No. 151.

District Court, W. D. Kentucky,
Louisville Division.

Jan. 23, 1946.

990

Lynne A. Warren, of New York City, and James W. Stites, of Louisville, Ky., for plaintiff.

Finn & Orendorf and G. D. Milliken, all of Bowling Green, Ky., for defendants.

MILLER, District Judge.

By a judgment rendered in this action on March 9, 1942, and a supplemental judgment entered on July 14, 1942, the plaintiff, Kentucky-Tennessee Light and Power Company, was awarded a total judgment against the defendant, Henry D. Fitch, in the sum of $211,364.03. This was subsequently credited with a payment of $75,-000, leaving a net amount due from the defendant Fitch in the sum of $136,364.03 with interest and costs. On August 17, 1942, the plaintiff filed a second amended and supplemental complaint which set out the recovery of the judgments above referred to, the issuance of an execution thereunder and the return by the United States Marshal that "no property was found to make this fieri facias or any part thereof." This pleading then proceeded to allege that the defendant Henry D. Fitch had made various transfers of real estate and personal property, without valuable consideration therefor, to his wife Stella Riggs Fitch, to his daughters Stella Fitch Calhoun, Elizabeth Fitch Squier, and Henrietta Fitch Rose, and to his son T. Lindsey Fitch, in fraud of the plaintiff's rights as a creditor. The real estate involved was specifically described, but the dates of the transfers were not stated. It also alleged that the Potter-Matlock Trust Company and the Bowling Green Trust Company advanced money on mortgage loans to these transferees in fraud of the rights of the plaintiff in the properties concerned. The wife, the children with their respective husbands and wife, and the Trust Companies were all made parties defendant. Thereafter the defendant Henry D. Fitch filed a motion to require the plaintiff to make the pleading more specific, a motion to strike certain allegations from the pleading, and also an answer. The defendant Stella Riggs Fitch filed a motion to require the plaintiff to make the pleading more specific and also filed an answer. The defendants, Stella Fitch Calhoun, Elizabeth Fitch Squier, Henrietta Fitch Rose and T. Lindsey Fitch, filed separate answers. The Potter-Matlock

Trust Company filed a motion to require the plaintiff to make the pleading more specific and also its answer. The Bowling Green Trust Company filed its answer. For some reason, apparently satisfactory to the parties involved, the various motions were not briefed by either side, nor was the Court asked to rule upon them. They have accordingly remained dormant, without being brought to the attention of the Court, for some period of time. On September 29, 1945, the plaintiff filed a motion asking that the motions of the defendants Henry D. Fitch and Stella Riggs Fitch be overruled and that the plaintiff be awarded summary judgment against these two defendants with respect to the real estate located on the Scottsville Pike, Bowling Green, Kentucky, conveyed by Henry D. Fitch to his wife Stella Riggs Fitch. Although the second amended and supplemental complaint charges several transfers as being fraudulent, yet this motion of September 29, 1945, is directed only to this one transaction. On October 19, 1945, the defendants Henry D. Fitch and Stella Riggs Fitch filed a motion to deny the plaintiff the summary judgment prayed for and in lieu thereof to grant them a summary judgment against the plaintiff and to dismiss the plaintiff's petition. In support of this motion the defendants Henry D. Fitch and Stella Riggs Fitch filed their affidavits setting out the details with respect to the acquisition and transfer of the properties involved. These motions for summary judgment have been briefed and the matter is before the Court on said motions.

The judgment in this action was recovered under the provisions of the Robinson-Patman Price Discrimination Act, § 1, Title 15 U.S.C.A. § 13(c), which became effective on June 19, 1936. The affidavit of Henry D. Fitch states that the home on the Scottsville Pike was bought and paid for by him and was deeded to his wife on September 15, 1933 for a consideration of "$1.00 and love and affection." The plaintiff agrees to this statement and contends that the transaction should be set aside under the provisions of Sections 378.-010 and 378.020 of the Kentucky Revised Statutes. Section 378.010 makes every transfer of real estate made with the intent to delay, hinder or defraud creditors void as against such creditors. Section 378.020 makes every conveyance by a debtor of any of his estate without valuable consideration therefor void as to all his then *existing* creditors. It is apparent from the fore-

going that the transactions upon which the judgment herein is founded occurred several years subsequent to the conveyance of this property to the defendant's wife. With respect to so much of the plaintiff's claims against the defendant which have been reduced to a judgment herein, the plaintiff was not an existing creditor at the time when the conveyance took place. Plaintiff contends, however, that irrespective of the judgment it was a creditor of the defendant Henry D. Fitch at the time when this transaction took place and when all the other transactions complained of took place. It is so alleged in Paragraph 17 of the second amended and supplemental complaint. Reference is made in its brief to the fact that the evidence in the original trial showed that the defendant Henry D. Fitch, who was then President of the plaintiff company, was receiving secret rebates on the purchase of coal by the plaintiff from the Nashville Coal Company for many years prior to 1936 and at the times when these transfers took place, and that it was accordingly a creditor of Henry D. Fitch for many years prior to and irrespective of the enactment of the Robinson-Patman Act on June 19, 1936. However, its claim to being a creditor prior to June 19, 1936, has not been judicially determined or adjudicated in any court action. While the evidence in the original trial of this action may have disclosed the payment of such rebates as a part of the general picture, yet that issue was not before the Court, was not passed upon by the jury and was not included in the judgment which the plaintiff is now seeking to enforce. The defendant was not required to meet that issue in the original trial. The answer of Henry D. Fitch to the second amended and supplemental petition denies that the plaintiff was a creditor of the defendant "at any time any transaction took place between him and any of his co-defendants." Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, providing for summary judgment warrants such a judgment only where there is no genuine issue as to any material fact. This situation does not exist with respect to plaintiff's contention that it was an existing creditor at the time of the conveyance of the Scottsville Pike property to Stella Riggs Fitch on September 15, 1933.

Plaintiff contends that the application of the two sections of the Kentucky Revised Statutes above referred to is not restricted to existing creditors, but that it is also available to subsequent creditors. This is a correct statement of the rule with respect to Section 378.010 dealing with transfers for the purpose of defrauding creditors. Lowry v. Fisher, 2 Bush, Ky., 70, 76, 77, 92 Am.Dec. 475. But where the only grounds relied upon is that the conveyance was without valuable consideration, Section 378.020 applies only to existing creditors. Marler v. A. L. Greenburg Iron Company, 216 Ky. 682, 684, 288 S.W. 676; Harlin v. Calvert's Adm'x, 253 Ky. 752, 762, 70 S.W.2d 524. Both of these cases point out that in order for a subsequent creditor to be able to set aside a conveyance it is not sufficient to prove that it was merely·voluntary, but it is also necessary to prove that the conveyance was made with an actual fraudulent intent to defeat subsequent creditors. Accordingly, in order for the plaintiff to prevail in the present case on the ground of being a subsequent creditor, as so adjudicated in this action, it must also prove that the conveyance herein under attack was made not only without consideration but with an actual fraudulent intent. Both the answer of Henry D. Fitch and of Stella Riggs Fitch deny that Stella Riggs Fitch holds the record title to the property in question by conveyance from the defendant Henry D. Fitch "in fraud of plaintiff's right therein." The issue thus formed is too broad and too complex to be summarily decided. The defendants are entitled to such a hearing as would be available to them in a trial involving any disputed question of material fact.

Irrespective of the foregoing views the Court doubts if the provisions of Sections 378.010 and 378.020, and other allied sections of the Kentucky Revised Statutes, can be availed of in this type of proceeding. The present proceeding is one to enforce the collection of a judgment and is specifically regulated by Section 439 of the Civil Code of Practice of Kentucky. Prior to the amendment of this Section in 1942, Laws 1942, c. 100, it was necessary for the plaintiff to institute a separate equitable action, but by the 1942 Amendment the plaintiff was allowed to proceed in the original action in which the judgment was rendered by filing an amended and supplemental petition. This is the procedure which the plaintiff followed in this case. Section 439 provides that in such supplemental proceeding "the plaintiff may have discovery and disclosure from the judgment creditor and his debtor or bailee,  *  *  *."

It does not provide for the relief of having conveyances set aside for being in fraud of the rights of creditors. Such remedies are conferred by different statutes, and in the past have been considered as requiring independent actions. In view of the rulings hereinabove indicated it is not necessary at this time to specifically rule on this point. It was not discussed in the briefs of either party. It is accordingly merely called to the attention of counsel for their consideration in connection with further proceedings.

Since the foregoing rulings will require further proceedings it seems advisable to pass on the various motions of the several defendants previously filed and not yet disposed of. The motions of both Stella Riggs Fitch and Henry D. Fitch to make the second amended and supplemental complaint more definite requests that the plaintiff name the date of the various transactions between Henry D. Fitch and Stella Riggs Fitch which the plaintiff complains of. In view of the foregoing discussion the exact date in each instance appears to be a very material fact. Although the defendants no doubt know the particular dates involved, yet it would seem to put the record in better shape for the date in each instance to be specifically given by the pleading. The motion of Henry D. Fitch to strike from the second amended and supplemental complaint deals with the allegations referring to his plea and the judgment in a criminal action heretofore tried in this court. Such allegations are not necessary for the purposes of the present proceeding. Although those facts may be part of the background which the Court would want to consider in its final ruling, yet they constitute evidence which should not properly be pleaded. The motion of Potter-Matlock Trust Company is to require the plaintiff to make the petition more definite by naming the persons to whom the alleged mortgage loans were made and also the dates and amounts of said loans. The request seems a reasonable one and also one calling for information which the Trust Company should have in order to properly prepare its defense herein.

In accordance with the foregoing views the motion of plaintiff for summary judgment will be overruled; the motions of the defendants Henry D. Fitch and Stella Riggs Fitch for summary judgment in their favor and to dismiss the plaintiff's petition are overruled; the motions of the defendant Henry D. Fitch, Stella Riggs Fitch and Potter-Matlock Trust Company to require the plaintiff to make the petition more definite are sustained; and the motion of the defendant Henry D. Fitch to strike certain allegations from the petition is sustained. Counsel for the defendants will prepare and tender the proper order for entry.