### BLOOMBURY WOOLFN CO., Inc. v. MOOSEHEAD WOOLEN MILLS, Inc.

### No. 674.

United States District Court
D. Maine, N. D.
Jan. 24, 1953.

Abraham M. Rudman, Bangor, Me., for plaintiff.

Michael Pilot, Bangor, Me., for defendant.

CLIFFORD, District Judge.

This action comes before this Court on the motion of the defendant to strike certain matter from the complaint.

Basically, the plaintiff alleges in its complaint that it was agreed between the plaintiff and defendant that the plaintiff would ship quantities of raw wool and yarn to the defendant, to be spun into fabrics according to instructions given by the plaintiff; that the plaintiff shipped large quantities of raw wool and yarn to the defendant; that the difference between the agreed yield, after allowance for spinning and weaving waste, and the yield actually received by the plaintiff from the defendant, expressed in pounds of wool, amounted to 13,282½ pounds; and, that the reasonable market value thereof was $1 per pound.

In addition the plaintiff alleges that the defendant failed to account for a certain quantity of "soft" and "hard" waste, and set forth the respective market value per pound of each kind of waste.

Attached to the complaint and made a part thereof is a so-called "Bill of Particulars", setting forth in accounting form substantially, but in more mathematical detail, what appears in the body of the complaint in word form. The basic claim of the plaintiff—namely, the $13,283.50 claim, is expressed in the "Bill of Particulars" in this manner:

| | | |
|---|---:|---|
| Total Raw Stock Processed | 202,685½ | pounds |
| Less 10% spinning waste | 20 269 | " |
| Net total yarn yield | 182,416½ | " |
| Yarn sold to outside Firms—Credit | 2,721½ | " |
| Total yarn to be accounted for | 179,695 | " |
| Total outside yarn shipped to Moosehead | 45,757½ | " |
| Total yarn woven | 225,452½ | " |
| Less 5% weaving waste | 11,272 | " |
| Total yarn to be accounted for | 214,180½ | " |
| Received woven goods from Moosehead | 200,897 | " |
| Total yarn to be accounted for | 13,283½ | " |

Fair market value at $1.00 per pound $13,-283.50.

Also attached to the complaint are two affidavits entitled "Affidavits of Merit In Support of Bill of Particulars." In each of the affidavits an alleged wool expert states his opinion, based on stated long personal experience in the wool market, as to the

fair market value of the wool and waste involved in the transaction alleged in the complaint. ·

The defendant contends that the attached "Bill of Particulars", the attached affidavits of merit in support of said Bill of Particulars, and all reference to said attached "Bill of Particulars" as contained in paragraph 8 of said complaint should be stricken from said complaint on the grounds that they are mere evidence, form no part of said complaint, and are prejudicial.

The plaintiff answers that the "Bill of Particulars" and affidavits annexed to its complaint are a necessary adjunct of the complaint in order to set forth clearly the basis and nature of the plaintiff's claim. The plaintiff further answers that the "Bill of Particulars" and affidavits to which defendant raises an objection are not prejudicial and do not contain any redundant, impertinent, or scandalous matter.

The Federal Rules merely require that a pleading contain "a short and plain statement of the claim" showing that the pleader is entitled to relief. Rule 8(a)(2), Fed. Rules of Civ.Proc. 28 U.S.C.A. The Courts have recognized that the function of pleadings under the Federal Rules is to give *fair notice* of the claim asserted so as to enable the adverse party to answer and prepare for trial, and to show the type of case brought, so that it may be assigned to the proper form of trial. Moore's Federal Practice, Vol. 2, Par. 8.13.

The law, briefly stated, on motions to strike is quite clear:

 Motions to strike allegedly redundant, immaterial, impertinent or scandalous matters are not favored. Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied. Even if the allegations are redundant or immaterial, they need not be stricken if their presence in the pleading cannot prejudice the adverse party and where certain evidential facts, when read with the complaint, as a whole, give a full understanding thereof, they need not be stricken. Moore's Federal Practice, Vol. 2, Par. 12.21.

█ It is the opinion of this Court that the so-called "Bill of Particulars" does not violate the requirement of a "short and plain statement", nor is it redundant, immaterial, impertinent or scandalous. To the contrary, it provides a full understanding of the complaint.

The essential difference between the body of the complaint and the attached "Bill of Particulars" is merely a matter of form of expression on the same subject. For once the amount, alleged in paragraph five of the complaint as a "large quantity", of raw wool and yarn shipped to the defendant is known, the end result, or in other words, the amount in controversy, is derived as a matter of course from the figures and percentages set forth in the body of the complaint. That amount—namely, 202,-685½ pounds, could very well have been alleged in the body of the complaint, but for some unknown reason, the plaintiff stated it in the "Bill of Particulars". What follows in the "Bill of Particulars" is nothing but an arithmetical process, resulting in a numerical conclusion, the same as in the body of the complaint. The "Bill of Particulars" states the nature of the claim in numbers, in an orderly accounting form, whereas the claim in the body of the complaint is phrased in broad, general language.

In the final analysis, the "Bill of Particulars" not only has eliminated doing arithmetic, but has also simplified the complaint by affording a full and complete understanding of it at a glance. And even if this were shown to be unnecessary, which was not shown, the inclusion of the "Bill of Particulars" has not been shown to be prejudicial. Therefore, it need not be stricken from the complaint.

██ On the other hand, the affidavits in support of the "Bill of Particulars" must be ordered stricken. Many cases held that it is not proper to set forth evidentiary matter in the complaint. The office of pleading is to state ultimate facts and not evidence of such. Duel v. National Surety

Corporation, D.C., 4 F.R.D. 336; Kentucky-Tennessee Light & Power Co. v. Fitch, D. C., 63 F.Supp. 989. Furthermore, pleading of evidence in this instance tends to make the pleading unduly lengthy and violates the requirement of a "short and plain statement."

It is Ordered, Adjudged and Decreed that so much of the prayer of the defendant's motion to strike as moves for striking from its complaint the attached "Bill of Particulars", and all reference to said attached "Bill of Particulars" as contained in paragraph 8 of the complaint, be and hereby is denied.

It is Further Ordered, Adjudged, and Decreed that the defendant's motion to strike from the plaintiff's complaint the attached affidavits of merit in support of said "Bill of Particulars" be and hereby is granted, and said affidavits are hereby ordered stricken from the plaintiff's complaint.